## CITY OF COLUMBUS v. RYNERSON.

[No. 24,890.   Filed February 20, 1925.]

1. JUDGES.—*Statute Regulating Pay of Special Judges Applicable to City Courts.*—Section 258 of the Civil Code (Acts 1881 [Spec. Sess.] p. 240, §416 R. S. 1881, §432 Burns 1914), relative to the pay of special judges, is a general law, not limited to circuit and superior courts, but is applicable to special judges in city courts. p. 626.

2. JUDGES.—*Statute Regulating the Selection of Special Judges in Criminal Cases Applicable to City Courts.*—Section 204 of the Criminal Code (Acts 1905 p. 584, §2075 Burns 1914, amended by Acts 1915 p. 30, §2075 Burns' Supp. 1921), relative to the selection of special judges in criminal proceedings, is not limited to any special court but is applicable to city courts. p. 627.

3. JUDGES.—*Section of Civil Code Regulating Pay of Special Judges Applicable to Special Judges on Change of Venue in Criminal Proceedings.*—Since the Criminal Code does not purport to regulate the pay of special judges in criminal proceedings, but provides that "in all criminal cases where no special provision has been made in this act, the rules of plead-

City of Columbus *v.* Rynerson—195 Ind. 620.

ing and practice in civil actions shall govern, so far as applicable", where a change of venue is taken from the regular judge in a criminal proceeding, the pay of the special judge appointed is governed by the section of the Civil Code governing that matter (§416 R. S. 1881, §432 Burns 1914). p. 627.

4. STATUTES.—*Words and Phrases in Statutes Construed in Their Ordinary and Usual Sense Except Technical Expressions.*—In the construction of a statute, words and phrases are to be taken in their plain or ordinary and usual sense excepting technical words and phrases which have acquired a technical meaning. p. 629.

5. JUDGES.—*Special Judge Entitled to Pay Only for Number of Days Served, Regardless of Number of Cases Tried.*—The statute regulating the pay of special judges, prior to its amendment in 1921 (§416 R. S. 1881, §432 Burns 1914), limited the pay of such judges to $5 "per day for the time actually served", regardless of the number of cases tried by him, even though he was separately appointed for each specific case. p. 629.

6. JUDGES.—*Statute Regulating Pay of Judges Pro Tem Applicable to Special Judges Selected on Change of Venue.*—The section of the Civil Code regulating the pay of judges pro tem (§416 R. S. 1881, §432 Burns 1914) is applicable to special judges selected on a change of venue from the regular judge the same as when appointed because of the absence or inability of the regular judge to act, and the allowance for such service is limited to five dollars per day for the time actually served. p. 629.

7. JUDGES.—*Pay of Special Judge in City Court Appointed Because of Change of Venue from Regular Judge.*—The pay of a special judge in a city court appointed because of a change of venue from the regular judge was governed by §416 R. S. 1881, §432 Burns 1914, prior to its amendment in 1921, and was limited to $5 per day for the time actually served, regardless of the number of cases in which he was appointed or the number of cases tried in a day. p. 629.

From Bartholomew Circuit Court; *John W. Donaker,* Judge.

Action by the city of Columbus against John Rynerson. From a judgment for defendant, the plaintiff appealed to the Appellate Court. (Transferred to the Supreme Court under §1394, clause 2, Burns 1914.) *Reversed.*

*U. S. Lesh,* Attorney-General, and *Dale F. Stansbury,* for appellant.

*George W. Long,* for appellee.

TRAVIS, C. J.—Action by appellant against appellee, instituted and prosecuted by the Attorney-General, pursuant to §7546y *et seq.* Burns 1914, Acts 1911 p. 195; §7546j1 *et seq.* Burns' Supp. 1918, Acts 1917 p. 347, to recover money paid to appellee for services as a special judge in the city court of appellant city, in excess of the amount alleged by appellant to be due appellee.

The complaint alleges: "That the plaintiff is now, and was during the year 1917, a municipal corporation of the State of Indiana.

"That on the 8th day of March, 1917, the defendant, John Rynerson, after being duly appointed, acted as special judge in the city court of said city of Columbus, in two cases. That thereafter on the 16th day of March, 1917, said defendant filed his claim with the clerk of said city for his services rendered on said day, said claim being numbered 21,551, in which claim he demanded and claimed the sum of ten dollars. That said claim was approved by H. K. Volland, mayor of said city. That after said claim was filed as aforesaid, the city clerk of said city wrote and delivered a warrant payable to said defendant for ten dollars, in payment for said services; said warrant being numbered 8,824. And that on a presentation of said warrant to the treasurer of said city by the defendant, said sum was received by him from the treasury of such city. That the defendant for said services rendered by him on said day was only entitled to the sum of five dollars, and said excess amount of five dollars was paid to him by mistake.

"And that on the 9th day of July, 1917, the defendant, John Rynerson, after being duly appointed, acted

as special judge in the city court of said city of Columbus in three cases; and on the 14th day of July, 1917, said defendant, after being duly appointed, acted as special judge in the city court of said city of Columbus, in five cases; and on the 11th day of July, and on the 12th day of July, said defendant, after being duly appointed, acted as special judge in the city court of said city of Columbus, in one case on each of said days. That thereafter on the 21st day of July, 1917, said defendant filed his claim with the clerk of said city for his services rendered on said days, said claim being numbered 22,371, in which claim he demanded and claimed the sum of fifty dollars. That said claim was approved by H. K. Volland, mayor of said city. That after said claim was filed as aforesaid, the city clerk of said city wrote and delivered a warrant payable to said defendant for fifty dollars, in payment for said services; said warrant being numbered 9844. And that on a presentation of said warrant to the treasurer of said city by the defendant, said sum was received by him from the treasury of such city. That the charges made on said claim for services rendered on July 9, 1917, amounted to fifteen dollars, which sum was paid to the defendant for said services rendered on said day. That for said services so performed by him on said day, he was only entitled to the sum of five dollars. That the charges made on said claim for services rendered on July 14, 1917, amounted to twenty-five dollars, which sum was paid to the defendant for said services rendered on said day. That for said services so performed by him on said day, he was only entitled to the sum of five dollars. That for said services set out in said claim, said defendant was paid an excess amount of thirty dollars, which was paid to him by mistake.

"That the total excess amount so paid to said defendant as herein set out, to which he was not entitled,

was thirty-five dollars. That prior to the beginning of this action, a demand was made of the defendant for a repayment and return of said sum of thirty-five dollars; and that the defendant refused to repay or return same, but still keeps and retains said sum.

"That said sum of thirty-five dollars is unpaid and is due the plaintiff, with interest from the dates of said excessive payments on each.

"That heretofore by the authority of the state examiner of the department of inspection and supervision of public offices, through Horace W. C. Fosdick and Thad L. Major, field examiners of said department, an examination was made of the accounts of the city clerk of the city of Columbus, for the period from January 1, 1916, to December 31, 1917. And that reports of said examination so made, were made, signed and verified in quadruplicate by said field examiners, which reports were immediately filed with the said state examiner, and after inspection by him, a copy of said reports was filed with the defendant, John Rynerson, one copy with the city of Columbus, and one copy was placed by him with the governor of the State of Indiana; which last copy was transmitted by the governor to the attorney-general. And the attorney-general hereby institutes and prosecutes this civil proceeding against the defendant, in order to carry into effect the finding resulting from such examination and to secure to the plaintiff the amount due it from the defendant as shown by said examination.

"Wherefore, plaintiff demands judgment against the defendant for fifty dollars and all other proper relief."

Defendant filed his demurrer to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, alleging by his memoranda in support thereof wherein the complaint was insufficient for want of facts, consisting of the following five

particulars, to wit: "Memoranda. (1) A special judge is entitled to $5.00 per day for each day's or part of a day's service in each case in which he has been appointed special judge. (2) Special judges are not appointed to serve for a day or any specific period of time, but are appointed in a particular case and are entitled to pay for services rendered in the particular case. (3) The law does not recognize part days in the services of special judges, but if they serve part of a day in a case they are entitled to pay for a day's service, and if called upon on the same day to render services as special judge for part of a.day in other cases he would be entitled to his pay in such other case for a day's service and so on in any number of cases as he might serve as special judge on any particular day. (4) The statute does not fix the amount of fees that a special judge shall receive in a city court and the allowance in this case having been fixed by the city judge or mayor, and allowed by him, such allowance cannot be attacked. The judge or mayor is the sole judge of the reasonableness of the fee allowed a special judge in that court. (5) The number of days served by the special judge having been ascertained and fixed by the city judge or mayor, is conclusive and cannot be attacked."

The court sustained appellee's demurrer to the complaint, to which ruling of the court appellant excepted, and refusing to amend its complaint or plead further, the court rendered judgment for appellee, from which appellant appeals.

Appellant assigns as error the action of the court sustaining the demurrer to the complaint; which presents the only question for consideration.

The complaint is silent as to whether appellee was appointed to act as special judge because of the temporary absence or inability of the regular judge to act,

or to act in cases where changes of venue from the regular judge had been requested and granted. Appellant and appellee agree that the sole question involved in this appeal is the compensation to which a special city judge is entitled, when acting in cases where changes of venue from the regular judge have been requested and granted. Appellant contends that the compensation allowed by the statute is five dollars per day, regardless of the number of cases in which the special judge acts, in any one day. Appellee contends there is no statute which provides for compensation of a special judge in a city court in cases where changes of venue have been taken from the regular judge of such city court, on account of which situation, the special judge would be entitled to such compensation as is allowed by the regular city judge or mayor; and the further proposition, that in cases where the special judge is appointed because of changes of venue, he is entitled to compensation in each case separately, notwithstanding he acted in the several cases on the same day.

Appellee admits that when a special judge is appointed in a city court because of the temporary absence or inability of the regular judge to act, the compensation for such special judge shall be the same as allowed "special judges in the circuit court." (§§432, 8843 Burns 1914, §416 R. S. 1881, Acts 1905 p. 219).

The act passed in 1881, entitled "An Act concerning proceedings in civil cases" (Acts 1881 p. 240) of which §432 Burns 1914, supra, is §258 of the act, does not refer to, neither is the act restricted to, either circuit or superior courts.

The act is general and §258 of the act applies with as much force to special judges of the city courts as it does to special judges of any other courts, except where other statutory provision is made. The act creating the city court (§8843 Burns

1914, Acts 1905 p. 219, §217) provides that a special judge in city courts shall receive compensation allowed special judges in circuit courts, where acting under an appointment made because of the temporary absence or inability of the regular judge to serve, but is silent concerning compensation for a special judge when acting as such under an appointment because of a change of venue. The Act entitled "An Act concerning proceedings in civil cases" (Acts 1881 p. 240) is general. It is neither addressed nor limited to circuit courts, or to circuit and superior courts, but to all courts which exercise jurisdiction in civil cases. City courts are clothed with jurisdiction in civil cases, and hence come within the scope of the act, and are governed by it. The conclusion inevitably follows that §432 Burns 1914, *supra,* applies to special judges in city courts.

The complaint is silent as to whether the cases involved in this proceeding were civil or criminal, or both.

2, 3. If some or all of the cases in which appellee acted as special judge, were criminal, does §432 Burns 1914, *supra,* (§416 R. S. 1881, Acts 1881 p. 240, §258) which concerns proceedings in civil cases, apply? In the re-codification of the criminal code (Acts 1905 p. 584) §204 of the act entitled, "An Act concerning public offenses," as amended (§2075 Burns' Supp. 1921, Acts 1915 p. 30), provision was made for a special judge where a change of venue is taken from the regular judge. This section of the act is not limited to any special court, but is general, and includes special judges in cases where the change of venue is taken from the regular judge of a city court, except where it is provided otherwise. This amendment to the statute, §204, *supra,* does not provide compensation, but leaves it to other specific or general laws, if there are any such. By §344 of this same act (§2231 Burns 1914), it is provided that "In all criminal cases

where no special provision has been made in this act, the rules of pleading and practice in civil actions shall govern, so far as applicable." Under the authority of this section of the statute, special judges in city courts when acting in criminal cases, where a change of venue has been taken, are governed by the statute in civil cases, which is §432 Burns 1914, *supra*. *Boos* v. *State* (1914), 181 Ind. 562.

It remains to consider and decide whether §432, *supra,* gives authority to allow compensation of five dollars per day in each case, of two or more cases, when the special judge acts on two or more cases the same day, and when the appointment of such special judge is for each case separately, because of changes of venue from the regular judge. This question of the construction of this section of the statute is one of first impression.

Appellant contends that §432, *supra,* applies to the case at bar and that it limits the allowance to five dollars per day, and no more, notwithstanding more than one case was acted upon the same day, and that they were cases in which the appointment was made because of changes of venue. This section of the statute provides: "When a judge is called upon to preside in the place of the regular judge, either at a regular or an adjourned term, whether selected from the bench or bar, he shall be allowed the sum of five dollars per day for the time actually served, and in going to and returning, * * *: *Provided,* That in all cases where a special judge shall be called, the compensation paid, as herein provided, shall be deducted * * * from the pay of such regular judge, except when such special judge is called to preside in cases on change of venue * * *."

In the construction of all statutes of this state, words and phrases shall be taken in their plain, or ordinary

and usual sense. The words or phrases of the statute, §432, *supra,* necessary to its construction, are not technical. The signification of the statute is that the compensation to be allowed special judges for services is limited, the limit being "the sum of five dollars per day for the time actually served, and in going to and returning."

The question arises, does §432, *supra,* apply to special judges when appointed because of a change of venue, as well as when called upon to preside in the place of the regular judge, either at a regular or an adjourned term? The section of the act itself includes special judges in cases where a change of venue has been taken, by providing that, in certain circumstances, the compensation of the special judge shall not be deducted from the pay of the regular judge, as shall be done in all cases where the *proviso* of this section of the act does not apply. It is, therefore, held that §258 of the act concerning proceedings in civil cases, passed in 1881 (§432 Burns 1914), provides the allowance permitted to a special judge of a city court organized pursuant to the act concerning municipal corporations (Acts 1905 p. 377, §217, §8843 Burns 1914), whether it be where such special judge is named for a particular case on account of a change of venue from the regular judge or is appointed because of the temporary absence or inability of the regular judge to act, and that the allowance for such service shall be five dollars per day for the time actually served.

The demurrer to the complaint ought to have been overruled.

Judgment reversed, and the case remanded to the trial court, which is instructed to overrule the demurrer to the complaint and for further proceedings.

Gemmill, J., not participating.