STATE EX REL. SPENCER, PROSECUTING ATTORNEY
*v.* BAKER, JUDGE.

[No. 26,844.   Filed April 30, 1937.]

*Herbert Spencer*, for appellant.

*John Linder*, and *Carl Seet*, for appellee.

HUGHES, J.—The relator, Herbert M. Spencer, as prosecuting attorney of the 19th Judicial Circuit of the State of Indiana, on March 22, 1937, filed an application in this court for a writ of prohibition against Frank P. Baker as Judge of the Marion Criminal Court of Marion County, Indiana, to prohibit him from further proceeding in causes No. 70943 and No. 70944, both being entitled *State of Indiana* v. *Joel A. Baker and Peter A. Cancilla*. The petition for the writ alleges that on the 19th day of March, 1937, the relator caused to be filed in the Marion Criminal Court of Marion County, in causes No. 70943, *State of Indiana* v. *Joel A. Baker and Peter A. Cancilla*, and No. 70944, *State of Indiana* v. *Joel A. Baker and Peter A. Cancilla*. In each cause, a verified motion for a change of venue from the Judge of the Marion Criminal Court of Marion County, was

filed, alleging that by reason of the interest, bias and prejudice of the judge thereof, a fair and impartial trial cannot be had and further objecting to the judge of said court himself selecting a judge to try said cases or submitting a list of names from which a judge might be selected to try the same, and requesting the clerk of the Marion Circuit Court to certify the facts set forth in said verified motion to the clerk of the Supreme Court of the State of Indiana. That on the 20th day of March, 1937, Peter A. Cancilla, defendant in one of the above entitled causes, filed a complaint for an injunction in the Marion Circuit Court, praying that said clerk of the Marion Circuit Court as *ex officio* clerk of the Marion Criminal Court, be restrained from certifying said facts of said application for said change of venue from said judge as aforesaid, and thereupon the said Marion Circuit Court did, upon the request of said Cancilla, grant a temporary injunction, enjoining said clerk from so certifying said application as aforesaid.

It is further alleged that unless prohibited by the Supreme Court, said Judge Frank P. Baker will proceed to arraign the defendants and take their respective pleas of guilty or not guilty, and will further exercise jurisdiction in the above entitled cause. That such exercise of such jurisdiction, after the filing of said motion for change of venue is contrary to law.

Relator asks that a writ of prohibition issue against said Frank Baker, Judge of said Marion Criminal Court and that he be commanded and ordered to refrain from any further proceedings in said causes until the further order of this court. A temporary writ was issued.

The respondent, Frank P. Baker, as judge of the Marion Criminal Court of Marion County, filed a response in three paragraphs. The first paragraph alleges that the writ asked for is not in aid of the appel-

late power and functions of this court and is not in any way connected with the right of any appeal or the exercise of the appellate jurisdiction of this court, and that there is no question of jurisdiction of the Marion Criminal Court presented, nor any issue made that said court is exceeding its jurisdiction and for this reason, this court is without jurisdiction to issue such writ herein asked for.

The second paragraph alleges, among other things, that the facts stated in relator's application and petition in writ are not sufficient to constitute a cause of action for such writ or to invoke the jurisdiction of this court.

The third paragraph sets out House Bill No. 155, being Ch. 290 of the 1937 legislature. It is alleged that said act is indefinite, vague, uncertain and void, and in violation of the Constitution of Indiana. The relator filed a motion to quash each of the three separate paragraphs of the respondent's return to the temporary writ of prohibition, on the ground that neither of said paragraphs state facts sufficient to constitute an answer to the relator's application for an absolute writ of prohibition and to the temporary writ issued therein to show cause why it should not be made absolute.

The legislature of 1937 enacted two acts (Chs. 85 and 290) relative to a change of venue from a judge and the procedure thereof. Chapter 85, p. 443, was approved March 6, 1937, and Chapter 290, p. 1338 was approved March 12, 1937. Chapter 85, p. 443 is as follows:

"An ACT concerning proceedings in criminal or civil cases and to secure the impartial selection of judges in criminal or civil cases, and declaring an emergency.

SECTION 1. BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF INDIANA, That if the prosecuting attorney or the

plaintiff or the defendant in any criminal or civil case shall include in his affidavit in support of a motion for a change of venue from the judge, where such change of venue is now allowable by law, that he objects to the judge from whom the change of venue is being taken, himself selecting a judge to try the case, or submitting a list of names from whom a judge may be selected to try the case, it shall be the duty of the clerk of said court where said criminal case is pending forthwith, upon the request of either party, to certify the facts to the Clerk of the Supreme Court of the State of Indiana, and thereupon such Clerk shall forthwith transmit to the clerk of said court where said criminal case is pending, a list to be selected by him subject to the direction of the Supreme Court of three competent, disinterested persons, each of whom shall be either an available judge of the circuit court of the county adjoining the county where said criminal case is pending, or a member of the bar of the county where said action is pending or some county adjacent thereto, from which list the prosecuting attorney and the defendant or defendants shall strike within five (5) days from the time of filing said list with said clerk, as if the persons on such list had been originally selected by the judge from whom the change of venue is being taken. Said nominee remaining after each party has struck one name, or the clerk of the court for the party failing to strike within five (5) days, shall qualify as other special judges are qualified, within ten (10) days, and have full and complete jurisdiction to try and determine said cause. Upon failure of said judge so named to qualify for any reason, within said ten days, the clerk of the court where said criminal case is pending shall certify said fact to the Clerk of the Supreme Court, who subject to the direction of the Supreme Court shall submit to said clerk three new names, not including the persons originally nominated, but similarly qualified, from whom a judge shall be selected in like manner, which procedure shall be followed until a competent and disinterested person is obtained to insure a fair, impartial and speedy trial.

"Nothing contained in this section shall operate to change the present procedure in the selection of

judges upon change of venue taken from the judge, excepting where an objection is incorporated in the affidavit for change of venue from the judge as above provided.

SECTION 2. Whereas an emergency exists for the immediate taking effect of this act, the same shall be in full force and effect from and after it passage."

And Chapter 290, p. 1338, is as follows:

"An ACT concerning proceedings in criminal cases.

SECTION 1. BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF INDIANA, That on a prosecution by indictment or affidavit the state or a defendant may apply for a change of judge on the ground that a fair and impartial trial can not be had by reason of the interest, bias or prejudice of the trial judge.

SECTION 2. The application for change of judge shall be in writing. When filed by the defendant, it shall be verified by affidavit of the defendant, and it may be accompanied by supporting affidavits. It shall be filed at least ten days before the date set for the trial, or if a date less than ten days in the future is set for the trial, the application shall be filed within two days after the setting of the case for trial.

SECTION 3. Neither the state nor any defendant in the same cause may make more than one application for change of judge.

SECTION 4. Upon the filing of the application for change of judge, the applicant shall forthwith cause a copy of the application and of any supporting affidavits to be served upon the opposing counsel.

SECTION 5. When application is made to a judge for a change of judge, he shall proceed no further in the cause, but a judge who is competent to act shall be substituted for him.

SECTION 6. All laws and parts of laws in conflict herewith are hereby repealed, and section 204 of an act entitled 'An Act concerning public offenses,' approved March 10, 1905, and all acts amendatory thereof are hereby expressly repealed,

but this act shall not in any way affect any act enacted in this session of The General Assembly providing for the selection of Judges, in cases of change of venue, by the clerk of the Supreme Court under the direction of the Supreme Court.

SECTION 7. Whereas an emergency exists for the immediate taking effect of this act, the same shall be in full force and effect from and after its passage."

The two acts being enacted at the same session of the legislature and of the same subject-matter are to be construed together as parts of the same law and in *pari materia,* so as to give effect to each, if possible. *Public Service Comm.* v. *City of Indianapolis* (1923), 193 Ind. 37, 137 N. E. 705. *State, ex rel. Jett* v. *Ives* (1906), 167 Ind. 13, 78 N. E. 225.

The purpose of Chapter 85 was to give one the right to prevent the judge from whom a change was taken to select a special judge to try the case or submitting a list of names from which a judge might be selected to try the case. The purpose of Chapter 290 was to give the State the right on a prosecution by indictment or affidavit, which it had not heretofore had, to a change of judge on the ground that a fair and impartial trial could not be had by reason of the interest, bias or prejudice of the trial judge.

The last clause of sec. 1 of chapter 85 provides:

"Nothing contained in this section shall operate to change the present procedure in the selection of judges upon change of venue taken from the judge, excepting where an objection is incorporated in the affidavit for change of venue from the judge as above provided."

The objection being to the judge from whom the change is taken, himself selecting a judge or submitting a list of names from which a judge may be selected. The first part of Sec. 1 provides:

"That if the prosecuting attorney or the plain-

tiff or the defendant in any criminal or civil case shall include in his affidavit in support of a motion for a change of venue from the judge, where such change of venue *is now allowable by law*," (Our italics.)

At the time of the enactment of Chapter 85, no change of judge was allowable by law to the state or prosecuting attorney and therefore if any force and effect can be given to the above language, it can only be done so by construing the two chapters in *pari materia and* as parts of the same law. This was evidently the purpose of the legislature as evidenced by Sec. 6 of Chapter 290, wherein it is said:

". . . but this act shall not in any way affect any act enacted in this session of The General Assembly providing for the selection of Judges; in cases of change of venue, by the clerk of the Supreme Court under the direction of the Supreme Court."

By construing the two acts in *pari materia* and as parts of the same law, then either the state or the defendant may apply for a change of judge on the ground that a fair and impartial trial can not be had by reason of the interest, bias or prejudice of the trial judge.

But Section 5 of Chapter 290 provides:

"When application is made to a judge for a change of judge, he shall proceed no further in the cause, but a judge who is competent to act shall be substituted for him."

And Section 6 provides:

"All laws and parts of laws in conflict herewith are hereby repealed, and section 204 of an act entitled 'An Act concerning public offenses,' approved March 10, 1905, and all acts amendatory thereof are hereby expressly repealed . . . ."

Thus all the procedure and the selection of a special judge is repealed except as provided in chapter 85 and it only provides against the judge from whom a change

is taken himself appointing a judge or submitting a list for one to be selected from. It was evidently the purpose of chapter 290 to give the State as well as the defendant the right to apply for a change of judge.

Since section 1 of chapter 290 gives to both the State and defendant the right to a change of judge and since section 6 of said chapter repeals section 204 of the act approved March 10, 1905, and all amendatory acts thereof and section 5 provides that when an application is made to a judge for a change of judge, he shall proceed no further in the cause, but a judge who is competent to act shall be substituted for him, we must look elsewhere for the procedure in the selection of a judge as none is provided for in chapter 290.

It is contended by the respondent that the act is so uncertain, indefinite and vague in that it does not provide any method of securing a substitute judge and therefore is void. A statute should not be held void for uncertainty, if any reasonable and practical construction can be given it. Mere difficulty in ascertaining its meaning does not render it void. It is the duty of the courts to endeavor by every rule of construction, if possible, to give full force and effect to every enactment of the General Assembly not obnoxious to constitutional prohibitions.

*State* v. *Street Ry. Co.* (1898), 146 Mo. 155, 47 S. W. 959.

When considered in relation to other provisions of our statutes we think that section 5 of the Act is effective and workable. Section 9-2407 Burns 1933, §2395, Baldwin's 1934, relating to criminal procedure is as follows:

"In all cases where no special provision has been made in this act, the rules of pleading and practice in civil actions shall govern."

It has been held by this court that in the absence of provisions in the Criminal Code for raising objections

and testing the sufficiency of pleadings, the rules of the Civil Code apply. *Robinson* v. *State* (1911), 177 Ind. 263, 97 N. E. 929; *Boos* v. *State* (1913), 181 Ind. 562, 105 N. E. 117; *City of Columbus* v. *Rynerson* (1924), 195 Ind. 620, 148 N. E. 602.

So, as Chapter 290 provides for a change of judge but makes no provision as to the manner of selecting one, and, as section 204 and all amendatory acts are repealed, we are compelled to conclude that section 2-1409 Burns 1933, §207 Baldwin's 1934, is applicable in the selection of a special judge, and in the event the parties fail to agree upon someone and refuse to strike off names submitted, then section 2-1411 Burns 1933, §195 Baldwin's 1934, would apply.

In the instant case, the relator, as prosecuting attorney, filed an application for a change of judge as provided for in section 1 of chapter 290, on the ground that a fair and impartial trial could not be had, by reason of the bias, interest and prejudice of the trial judge, and as provided in section 1 of chapter 85, he alleged in his affidavit that he objected to the judge from whom the change of judge was taken, himself selecting a judge to try the case, or submitting a list of names from which a judge might be selected to try the case.

There can be no question that chapter 85 in connection with chapter 290 applies to criminal actions. Neither do we think that any of the provisions of either chapter is unconstitutional. It is within the power of the legislature to enact legislation relative to a change of judge or change of venue of the action and in the particular legislation, we do not find that it has exceeded its power as far as constitutional prohibitions are concerned.

The affidavit for a change of judge was in proper form and follows the law as provided for in both chapters.

.When the affidavit in the instant case for a change of judge was filed, it then became the duty of the clerk of the Circuit Court, upon the request of the relator, to certify the facts to the clerk of this court as provided for in chapter 85 and the respondent had no further jurisdiction in the case.

We believe there can be no question as to the power of this court to issue the writ of prohibition in the instant case. There is no contention that it should be.issued in aid of the appellate powers and functions of this court. There is no appeal pending. It is an original action to confine the respondent to his respective and lawful jurisdiction.

Section 3-2201 Burns 1933, §1090 Baldwin's 1934, provides:

". . . and also writs of prohibition may issue out of the Supreme Court to such circuit, superior, criminal, probate, juvenile, or municipal courts, respectively, to restrain and confine such circuit, superior, criminal, probate, juvenile or municipal courts respectively to their respective, lawful jurisdiction."

The temporary writ heretofore issued is made permanent.