FORT WAYNE PUBLIC LIBRARY AND PUBLIC LIBRARY OF FORT WAYNE-ALLEN COUNTY *v.* PATRIA KINTANAR.

[No. 2-1176A445. Filed June 8, 1977.]

*William E. Borror, Hunt, Suedhoff, Borror, Eilbacher & Lee,* of Fort Wayne, for appellant.

*Jerome J. O'Dowd,* of Fort Wayne, for appellee.

ROBERTSON, C.J.—The defendant-appellants, Fort Wayne Public Library and Public Library of Fort Wayne-Allen County (Library), appeal from an award of the Industrial Board of Indiana in favor of the plaintiff-appellee, Patria Kintanar

The Board's findings and award were based upon the following facts and stipulations:

Patria Kintanar was employed by the Fort Wayne Public Library in the technical processes department at an average weekly wage of $73.85 at the time of this accident, Friday,

January 12, 1973. Kintanar operated a glue machine, and on the day in question, was returning the machine to its frame when she felt a snap in her left wrist. Her hand collapsed and the machine dropped from her grasp onto her left hand.

Mrs. Kintanar testified that following the accident she noticed a small dent in her left wrist, felt a prickling sensation in her wrist, and finally lost all feeling in the wrist. Mrs. Kintanar was referred by her family doctor to Dr. Steven Glock, an orthopedic surgeon. Dr. Glock, aided by Dr. Louis Romain, diagnosed Mrs. Kintanar's injury as the carpal tunnel syndrome, a condition in which the median nerve is trapped between the bones on one side and the transverse carpal ligament on the other as it enters the wrist. Dr. Glock recommended surgery for the wrist condition, and on February 13, 1973, performed surgery on Mrs. Kintanar's wrist. Following the operation, Mrs. Kintanar responded favorably, and on March 19, 1973, Dr. Glock authorized her to return to work. Kintanar testified that after returning to work she continued to experience pain in her left wrist and finally went to Dr. Romain for further treatment in May of 1974.

On January 2, 1975, Mrs. Kintanar filed a Form 9 application with the Board. Her case was initially heard before an individual hearing member on December 3, 1975. The individual hearing member awarded Mrs. Kintanar nothing by way of her application. Thereafter, she timely filed a Form 16 application seeking review before the full Board. On September 15, 1976, the Board heard Kintanar's case, and on November 1, 1976, entered the following award in her favor:

"IT IS THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that there be awarded plaintiff as against defendant nine (9) weeks temporary total disability at the rate of $44.31 per week.

IT IS FURTHER ORDERED that plaintiff be awarded 25 weeks of permanent partial impairment for her 10% impairment to the left upper extremity at the rate of $44.31 per week.

IT IS FURTHER ORDERED that defendant furnish or reimburse plaintiff in the amount of $4,602.96 for medical care, attention, hospital services and supplies.

IT IS FURTHER ORDERED that all deferred payments of compensation shall be brought up to date, paid in cash and in a lump sum.

IT IS FURTHER ORDERED that the defendant shall pay the costs, if any, taxed in this cause.

IT IS FURTHER ORDERED that all monies payable by virtue of this Award shall be paid direct to plaintiff except as hereinafter ordered paid plaintiff's attorney.

IT IS FURTHER ORDERED that the fees of plaintiff's attorney shall be: a minimum fee of $50.00; and in addition thereto, 20% upon the first $5,000 recovered; 15% upon the second $5,000 recovered, and 10% upon all recovery in excess of $10,000; said fees to be paid by the defendant direct to plaintiff's attorney, Jerome J. O'Dowd, with credit to defendant against compensation herein awarded plaintiff for all sums paid out as attorney fees in accordance with this Award.

IT IS FURTHER FOUND that the defendant may not contest the issue of an accident when there has previously been executed a Form 12 Agreement concerning the existence of an accident."

The Library assigns as error on appeal that the award of the Board is contrary to law. This assignment is sufficient to present all questions sought to be raised.

We have reviewed the record and the parties' briefs and are of the opinion that the Board's award is erroneous and contrary to law. We therefore, reverse and remand.

The Library argues, and we agree, that the Board erred in finding that the Library (employer) could not contest liability at the hearing on Kintanar's Form 9 application. Apparently the Board concluded as a matter of law that the Library admitted liability when it entered into an agree-

ment with Kintanar to pay temporary total disability. For the reasons stated below, we find this conclusion to be erroneous.

The record reveals that on February 20, 1973, the Library and Mrs. Kintanar entered into a Form 12 agreement which provided that the Library would pay Kintanar $44.31 a week as temporary total disability from January 15, 1973, until such compensation should terminate in accordance with our Workmen's Compensation Act. This agreement was filed with the Board on February 26, 1973, and was approved on March 1, 1973.

IC 1971, 22-3-4-4 (Burns Code Ed.) provides that employers and employees may enter into compensation agreements:

"If after seven [7] days from the date of the injury or at any time in case of death, the employer and the injured employee or his dependents reach an agreement in regard to compensation under the act [22-3-2-1—22-3-6-3], a memorandum of the agreement in the form prescribed by the industrial board shall be filed with the board; otherwise such agreement shall be voidable by the employee, or his dependent. If approved by the board, thereupon the memorandum shall for all purposes be enforceable by court decree as hereinafter specified. Such agreement shall be approved by said board only when the terms conform to the provisions of this act."

This Court has previously determined that when a compensation agreement is approved by the Board it has the same force and effect as a Board award and is enforceable as such. *Dunsizer* v. *A. J. Wolf Construction Co.* (1939), 107 Ind. App. 408, 23 N.E.2d 685; *Evans* v. *Enoco Collieries, Inc.* (1964), 137 Ind. App. 11, 202 N.E.2d 595. Thus, it becomes obvious that the Form 12 agreement executed by the Library and Kintanar constituted an enforceable award for temporary total disability.

However, we are not asked to determine whether the agreement is an enforceable award, but whether such an agreement acts as an admission of liability by an employer. Our research has discovered only one Indiana case addressing this question.

In *Home Packing Ice Co. et al.* v. *Cahill* (1919), 71 Ind. App. 245, 123 N.E. 415, this Court decided that a compensation agreement approved by the Board acted as an admission of liability by the employer. The Court thus held that the employer could not contest compensability at a modification hearing absent a showing of mistake, fraud, or duress.

While the holding in *Home Packing* would appear to be decisive, we are of the opinion that the case at bar is factually distinguishable. Here the employee filed a Form 9 application for an original award rather than an application for a modification (Form 14).

Our Workmen's Compensation Act provides that either an employer or employee may file for a modification of an original award under certain circumstances. IC 1971, 22-3-3-27 (Burns Code Ed.). As stated previously, the Form 12 agreement executed here constituted an original enforceable award. The proper procedure for obtaining a modification of this award would have been the filing of a Form 14 rather than a Form 9. It is true that this Court will not penalize a party for the erroneous use of Board forms when the form used contains the necessary allegations to cover the relief sought. *Dunsizer* v. *A. J. Wolf Construciton Co., supra.* However, if a party chooses to reapply for an original award and the Board treats the application as such, we are of the opinion that the defending party should not be denied his right to raise applicable defenses. In other words, an employer-employee compensation agreement might foreseeably act as an admission of liability in a modification action, but it should not act as an admission of liability in an action for an original award.

Mrs. Kintanar filed for an original award. The Board treated her application as a claim for an original award, apparently disregarding the prior Form 12 original award. Kintanar's Form 9 application expressly placed the issue of

compensability in question. With these facts and the above reasoning in mind, we must find that the Library was entitled to contest liability. Thus, the Board's determination that the Library could not contest liability constitutes reversible error.

Having found the Board's award to be contrary to law, we reverse and remand for a reconsideration consistent with this opinion.

Reversed and remanded.

Lowdermilk, J., concurs; Buchanan, J. (participating by designation), concurs.

NOTE.—Reported at 363 N.E.2d 1034.