**STATE of Indiana, Appellant,**

v.

**Samuel PUCKETT, Appellee (Defendant Below).**

**No. 49A02–8708–CV–311.**

Court of Appeals of Indiana, Second District.

Dec. 14, 1988.

Linley E. Pearson, Atty. Gen., J. Gordon Gibbs, Jr., Chief Counsel, Indianapolis, for appellant.

Philip R. Melangton, Jr., Indianapolis, for appellee.

SULLIVAN, Judge.

The State appeals the trial court's dismissal of its complaint seeking recovery of money paid to or on behalf of Samuel Puckett. We affirm in part and reverse in part.

On November 5, 1979, Samuel Puckett sustained injuries in an automobile accident. Puckett was then Chief of Internal Affairs for the Indiana Department of Correction and was driving a State motor pool vehicle at the time of the accident. Puckett was treated for injuries at Wishard Memorial Hospital, where he was given a blood alcohol test while unconscious. This test revealed a blood alcohol level of .142%. The accident report prepared by the Marion County Sheriff's Department indicated that drinking may have been a contributing circumstance of the accident, but the officer did not request a blood test.

As a result of the accident, Puckett received a workmen's compensation award of $18,750 based upon a determination of a 50% permanent partial impairment. This award was made pursuant to an agreement between the Indiana Department of Correc-

tion and Puckett and was approved by the Industrial Board in April of 1980. The Department of Correction also paid $2,503 of Puckett's medical bills. In addition to the workmen's compensation award, Puckett received $7,575.50 pursuant to the occupational injury compensation scheme contained in the Indiana Administrative Code at 30 I.A.C. 1–11–5 (1979) (current version at 31 I.A.C. 2–11–5 (1988)). The purpose of 30 I.A.C. 1–11–5 is to provide compensation to merit system employees for time lost due to disability resulting from injuries sustained while engaged in assigned duties during working hours. These payments were requested by the Personnel Director of the Department of Correction on behalf of Puckett and approved by the Director of the Department of Administration pursuant to 30 I.A.C. 1–11–5 on November 29, 1979.

The estimated value of the State vehicle lost in the accident was $4,782.28.

A report regarding newspaper allegations concerning the Indiana Department of Correction was filed with the Governor by the State Board of Accounts on July 30, 1986. This report included an examination of costs incurred by the State due to Puckett's accident. The State Examiner who conducted the examination found that "the evidence would support a determination that Puckett had been driving under the influence of alcohol while on duty" (Record at 9) and that although there was no indication that Puckett's blood alcohol level had been brought into issue during the determination of Puckett's benefits, concluded that if it had been, "there is substantial doubt as to his right to have claimed benefits under either Workmen's Compensation or 30 I.A.C. 1–11–5." Record at 9. The Examiner recommended that the matter be referred to the Attorney General for a determination of the recovery to be pursued. (This report was evidently made pursuant to the State Board of Accounts Act, I.C. 5–11–1–1 *et seq.*)

The State filed a complaint on October 7, 1986, seeking to recover a total of $27,-

397.78[1] from Puckett, plus interest and costs. The State alleged in its complaint that the amounts which it sought to recover from Puckett were "public funds" which were paid based upon the concealment of a material fact (Puckett's intoxication) at the time of injury. The State further alleged that Puckett's intoxication would have prevented the payment of those funds if his condition had been known at the time of payment. The State cited I.C. 22-3-2-8 (Burns Code Ed.Repl.1986) and 30 I.A.C. 1-11-5(C)(2)(b) as the underlying bases for its assertion.

Indiana Code 22-3-2-8 of the Workmen's Compensation Act provides that no compensation is allowed for an injury or death due to the employee's intoxication. 30 I.A.C. 1-11-5(C)(2)(b) similarly provides that injuries sustained as a result of the employee's intoxication are not covered under the occupational injuries compensation scheme.

Puckett filed a motion to dismiss in accordance with Ind.Rules of Procedure, Trial Rules 12(B)(1) and 12(B)(6), which contained two grounds for dismissal: (1) lack of subject matter jurisdiction due to the State's failure to exhaust its administrative remedies, and (2) failure to state a claim upon which relief can be granted. The trial court granted Puckett's motion without specifying which of the two grounds served as the basis for its action. The State now appeals.

The State presents three issues upon appeal, which we restate as follows:

1. Whether the State was barred by the doctrine of res judicata from seeking recovery of the award made pursuant to the Workmen's Compensation Act;

2. Whether the complaint failed to state any cause of action upon which to seek recovery of the payment made pursuant to the Indiana Administrative Code and the value of the State vehicle; and

3. Whether the trial court erred in awarding costs against the State.

## ISSUE I

The State seeks to recover the workmen's compensation award given as a result of Puckett's 50% permanent partial impairment and the medical expenses paid pursuant to I.C. 22-3-3-4 (Burns Code Ed. Supp.1980) (amended 1988).[2] This statute in part provides that after an injury and prior to an adjudication of permanent impairment, the employer shall furnish, free of charge to the employee, an attending physician for the treatment of his injuries and such surgical, hospital and nursing services and supplies as the attending physician or the industrial board may deem necessary. Indiana Code 22-3-1-3 (Burns Code Ed.1974) (amended 1988) authorizes the Board to approve claims and require payments for medical expenses. Thus the Board may include payment of, or reimbursement for, such expenses as part of the award given to the employee. *See, e.g., Kaiser Aluminum Chemical Corp., Foil Kraft Division v. Schalton* (1965) 136 Ind. App. 636, 204 N.E.2d 225.

As noted above, the Industrial Board approved the agreement reached between Puckett and the Department of Correction in April of 1980. Although the medical expenses were paid voluntarily by the Department, they were paid pursuant to the Workmen's Compensation Act and were therefore subsumed in the award when the Department failed to contest its payment of these expenses at the time the Board approved the award for permanent partial impairment. Our discussion of the State's right to recover the "workmen's compensation award" therefore includes the medical expenses paid by the Department.

Puckett claims that the State's right to recover the workmen's compensation award is barred because the trial court lacked subject matter jurisdiction due to the State's failure to exhaust its administrative remedies. While we agree that the

---

1. The State is not seeking a full recovery of the $7,575.50 paid pursuant to 30 I.A.C. 1-11-5, but only $1,362.50 because in any event, Puckett would have been entitled to a sum of $6,213 representing 57 leave days with pay.

2. Although neither party stated that these expenses were paid pursuant to this statute, we note no other basis upon which the State would have paid these expenses.

State's claim is barred, both Puckett and the State have misunderstood the nature of the issue. By couching his defense in terms of the exhaustion of remedies doctrine, Puckett mislabels the applicable principle involved. There was no failure to exhaust administrative remedies because there was no action for either party to take after approval of the compensation agreement; the State had made the payment, Puckett had received it, and neither party was aggrieved.

Despite the fact that the applicable principle was mislabeled, however, the issue of the award's finality was presented and we cannot ignore the issue nor establish precedent which would create confusion as to well-settled principles of law. We therefore recognize that Puckett's claim is more correctly cloaked under the principle of res judicata so that we might fulfill our obligation to apply the correct law to the issue before us. *See Big Creek Stone Co. v. Seward* (1895) 144 Ind. 205, 42 N.E. 464, 43 N.E. 5 (where counsel complained on petition for rehearing that the sufficiency of the pleading had been determined upon a question not argued by opposing counsel, the court held that the sufficiency of the complaint was duly presented and where it was palpably bad, it would be a perversion of justice to hold otherwise). *See also Bryant v. Owens* (1953) 232 Ind. 237, 111 N.E.2d 804 (where the question of merger of the causes of action in the first judgment was not presented on appeal of the second judgment upon the same petition, the court would not regard itself as governed by the conceptions of counsel on either side as to the nature of the controlling facts and held the second judgment to be void on the face of the record).

Although as a general proposition we will not discuss matters which are not addressed by the parties, as the court aptly stated in *Big Creek Stone, supra,* 43 N.E. at 5, "if the court were limited to the arguments and reasoning of counsel in its decisions of cases, to the exclusion of its own observations, many cases would lead us far from what we understand to be the true object of the court."

Having determined the proper nature of the defense presented by Puckett, we now examine whether the State is in fact barred from what is in essence a collateral attack upon the Board's award.

The doctrine of res judicata prevents relitigation of an issue where there has been a final adjudication upon the merits of the same issue between the same parties. *Gayheart v. Newnam Foundry Co.* (1979) 271 Ind. 422, 393 N.E.2d 163. The principles of res judicata seek to guard parties against vexatious and repetitious litigation of issues which have been determined in a judicial or quasi-judicial proceeding. *South Bend Federation of Teachers v. National Education Association—South Bend* (1979) 2d Dist., 180 Ind.App. 299, 389 N.E. 2d 23, *trans. denied.*

An agreement for compensation, made in compliance with the statute and approved by the board, has the force and effect of an award. *Indiana University Hospitals v. Carter* (1984) 1st Dist.Ind. App., 456 N.E.2d 1051; *In re Stone* (1917) 66 Ind.App. 38, 117 N.E. 669. Where neither party takes any step to have an award set aside or superseded and no appeal is taken, the award becomes a full and final determination of the employee's condition at the time it is made and of the employer's liability to pay compensation to him. This finality is subject only to the right of either party within the time allowed by law to seek a modification thereof on account of a change in the employee's condition. *Sumpter v. Colvin* (1934) 98 Ind.App. 453, 190 N.E. 66. It is clear, therefore, that the Board's approval of the compensation agreement (and the subsumed medical payments) became a final adjudication of Puckett's entitlement to an award under the Workmen's Compensation Act.

In resolving whether decisions of the Board are to be given res judicata effect, we note that the general method used in determining whether to apply the principle to administrative determinations is to look to the nature of the action involved. In general,

"the doctrine of res judicata has been applied to administrative action that has

been characterized by the courts as 'adjudicatory,' 'judicial,' or 'quasi-judicial,' while to administrative determinations of 'executive,' 'legislative,' or 'ministerial' nature the rules of res judicata have been held to be inapplicable.... The doctrine of res judicata is recognized particularly in regard to those types of administrative action in which the administrative agency is not a party to the proceeding, but adjudicates conflicting claims of the parties coming before it, such as workmen's compensation proceedings...." *South Bend, supra,* 389 N.E.2d at 33 (emphasis omitted), *quoting* 2 Am.Jur.2d *Administrative Law* § 497 (1962).

██ Under the above test, the doctrine of res judicata is in general applicable to decisions by the Industrial Board, and in specific applies to the Board's approval of the compensation agreement in the instant case. Indiana Code 22–3–2–8 places the burden of proof as to an employee's intoxication upon the defendant (i.e., the employer). The State was required to assert its defense to liability at the time the claim was submitted and subsequently approved. The State may not appropriately return six years later and seek to relitigate the issue already conclusively determined. We agree with the court in *Home Packing and Ice Co. v. Cahill* (1919) 71 Ind.App. 245, 123 N.E. 415, that an award resting upon an agreement ought not to be set aside for the mere purpose of permitting an employer to re-examine the merits of his confession of liability. *Cf. Fort Wayne Public Library v. Kintanar* (1977) 1st Dist., 173 Ind.App. 269, 363 N.E.2d 1034.

We therefore hold that the State's claim for recovery of the amounts paid pursuant to the Workmen's Compensation Act is barred by the doctrine of res judicata. In so holding, we need not discuss the exception recognized in cases such as *Gayheart, supra,* 393 N.E.2d 163, and *E.J. Albrecht Co. v. Michaw* (1940) 108 Ind.App. 407, 29 N.E.2d 334, for instances in which an award may be set aside or vacated for fraud or mistake. The State did not and does not make such claim. To the contrary, the State specifically denies that it is attempting to review or set aside an erroneous award, whether premised upon fraud or mistake. The State then concedes that the Workmen's Compensation payments "were correct when made based upon the facts as known...." (Appellant's Reply Brief at 3.) To the extent that failure to discover the fact of intoxication might be interpreted as an allegation of mistake, in and of itself, to gain recovery, we again note that the statute (I.C. 22–3–2–8) places the burden of proving the intoxication upon the employer. Therefore, contrary to the State's assertion, if any party had the duty to discover and assert the intoxication issue it rested with the State. The fact of intoxication, if it be a fact, was not shown to be purposely hidden. Nor does it appear that such fact was not just as susceptible to discovery by the State before the payments were approved as afterward. *See Frankfort General Insurance Co. v. Conduitt* (1920) 74 Ind.App. 584, 127 N.E. 212, *trans. denied.*

## ISSUE II

The State also seeks to recover the award paid pursuant to the Indiana Administrative Code's occupational injury compensation scheme and the value of the State motor pool vehicle which Puckett had been driving. Puckett claims that the State's complaint must be dismissed pursuant to T.R. 12(B)(6) for failure to state a claim upon which relief may be granted.

Puckett contends that fraud is the only theory upon which the State may base its claim. Puckett further contends that the State's complaint must be dismissed because it failed to comply with the special pleading requirements of T.R. 9(B) and in any event was barred by the six year statute of limitations applicable to actions for fraud.

The State seems to vacillate as to whether it is proceeding upon a claim for fraud, stating that it has never accused the defendant of fraud per se (Appellant's Brief at 12), but nevertheless devoting a significant portion of its Briefs to whether Puckett's attack upon the State's failure to al-

lege fraud with sufficient specificity was in the proper form, and further arguing that its complaint does, in fact, plead all the elements of fraud.

■ We need not dwell upon the question because we hold that any claim for fraud was barred by the statute of limitations contained in I.C. 34–1–2–1 (Burns Code Ed.Repl.1986). The cause of action for fraud accrues, and the statute of limitations begins to run, from the date the fraud is perpetrated. *Forth v. Forth* (1980) 2d Dist.Ind.App., 409 N.E.2d 641. Although the statute of limitations is tolled until discovery of the fraud when the cause of action is concealed by the acts of the fraudulent party, the failure of the plaintiff to exercise reasonable care and diligence to discover any fraud precludes the tolling of the statute. *Ballard's Estate v. Ballard* (1982) 1st Dist.Ind.App., 434 N.E.2d 136. The State was put on notice of Puckett's possible intoxication through the accident report filed by the Sheriff's Department[3] but failed to investigate further. Because the State did not use due diligence in trying to detect any possible fraud by Puckett, it may not take advantage of the concealment exception. Therefore any claim which the State may have had against Puckett for fraud is barred.

Although we hold that the State may not assert a claim for fraud, we note that a complaint is not subject to dismissal under a T.R. 12(B)(6) Motion to Dismiss unless it *appears to a certainty* that the plaintiff would not be entitled to relief under *any set of facts*. *State v. Rankin* (1973) 260 Ind. 228, 294 N.E.2d 604 *aff'd upon remand* (1974) 1st Dist., 160 Ind.App. 703, 313 N.E.2d 705, *trans. denied*. Additionally, the facts alleged in the complaint must be taken as true upon a motion to dismiss. *Thiele v. Indiana Department of Highways* (1985) 3d Dist.Ind.App., 472 N.E.2d 1274.

■ While we determine that the State's characterization of the matter as an omission or concealment of a material fact does not state a cognizable claim, we believe that the complaint is sufficient to support a claim for the amount paid pursuant to 30 I.A.C. 1–11–5.[4] Recovery of that amount is countenanced by the State Board of Accounts Act, I.C. 5–11–1–1 *et seq*.

Briefly, I.C. 5–11–1–9 (Burns Code Ed. Repl.1987) empowers the State Examiner to examine all accounts and all financial affairs of every public office and officer, state office, state institution, and entity. If any such examination discloses malfeasance, misfeasance or nonfeasance in office or of any officer or employee, a copy of the report, signed and verified, is to be placed by the State Examiner with the Attorney General pursuant to I.C. 5–11–5–1 (Burns Code Ed.Repl.1987). The Attorney General is then required to diligently institute and prosecute civil proceedings against the delinquent officer or any other proper person that will secure to the State or to the proper municipality the recovery of any funds misappropriated, diverted, or unaccounted for. *Id*.

The different language contained in I.C. 5–11–7–1 (Burns Code Ed.Repl.1987) appears to confer additional authority on the Attorney General to prosecute suits in order to recover public moneys. This statute concerns reports certified to the Attorney General by the State Examiner charging any public official, any former public official, or any other person named in the report with having illegally received, illegally retained, or failed to account for and pay over any money so received. This section is apparently designed to cover any situation which may otherwise not fall within the purview of I.C. 5–11–5–1. The thrust of these provisions is that State moneys are legitimately protected—if the State finds that money has been wrongful-

---

**3.** The report stated that the other driver had not been drinking but as to Puckett set forth that it was unknown whether he was impaired.

**4.** 30 I.A.C. 1–11–5 provides in pertinent part: "Sec. 5. (A) Statement of Purpose.

(1) In compliance with Public Law 35, the purpose of this rule is to provide compensation to merit system employees for time lost due to disabilities resulting from injuries sustained while engaged in the proper performance of their assigned duties during assigned working hours."

ly paid, it may recover from any proper person without regard to fault on the part of that person.

Although on first blush it might appear that the Act was not intended to cover actions of this nature, we find the following Indiana Supreme Court case to be instructive. In *City of Columbus v. Rynerson* (1925) 195 Ind. 620, 148 N.E. 602, an action by the city of Columbus against Rynerson was instituted by the Attorney General to recover money paid to Rynerson for services as a special judge in a city court of Columbus which was allegedly in excess of the amount owed to Rynerson.[5] This action was filed subsequent to an examination of the accounts of the city clerk by the State Examiner. No wrong-doing was indicated on the part of Rynerson; instead, the parties were involved in a valid dispute over the amount statutorily owed to Rynerson. After construing the relevant statutes, our Supreme Court held that a complaint against Rynerson for the amount alleged to be in excess of that authorized stated a cause of action.[6]

Without deciding the merits of such a claim, we hold that the allegations contained in the State's complaint are sufficient to invoke the Act as a basis for its claim. Although the State did not specifically invoke the Act as authority for its right to recover in its complaint,[7] a statement of the theory of the case, while highly desirable, is not required. *Rankin, supra,* 294 N.E.2d 604. An examination of the complaint reveals that the State is seeking to recover public funds. Furthermore, the complaint states that a report to the Governor was prepared by the State Examiner concerning, among other things, the circumstances under which Puckett received his awards. This report indicated that substantial doubt existed as to Puckett's right to receive the compensation awards. As stated by our Supreme Court in *Rankin, supra,* 294 N.E.2d at 607, the report "need not show conclusively that malfeasance or the like occurred but need only show probable cause for believing it occurred."[8] While the determinations of whether such a report complied with any other applicable requirements of the Act and whether the report indicated the requisite probable cause would require factual determinations by the trial court, the complaint adequately sets forth facts which may entitle the State to relief.

■ Since the nature of the recovery sought falls within the purview of the above Act, we must determine whether the State's claim for recovery of the amount paid pursuant to 30 I.A.C. 5–11–1 was timely made. In doing so, we must first determine the applicable statute of limitations.

Puckett claims that the appropriate statute of limitations is I.C. 34–1–2–1.5 (Burns Code Ed.Repl.1986), which applies to employment agreements not in writing. This statute provides:

"All actions relating to the terms, conditions, and privileges of employment except actions based upon a written contract (including, but not limited to, hiring or the failure to hire, suspension, discharge, discipline, promotion, demotion, retirement, wages, or salary) shall be brought within two [2] years of the date of the act or omission complained of."

The State, however, contends that the applicable statute of limitations is I.C. 34–

---

5.  This action was brought pursuant to § 7546y *et seq.* Burns 1914, Acts 1911 p. 195; § 7546j1 *et seq.* Burns' Supp.1918, Acts 1917 p. 347 (current version at I.C. 5–11–5–1) (Burns Code Ed.Repl. 1987).

6.  As an aside, we note that a similar basis for recovery exists in private actions for recovery of funds mistakenly paid. *See, e.g., Monroe Financial Corp. v. DiSilvestro* (1988) 2d Dist.Ind.App., 529 N.E.2d 379.

7.  The State asserted a claim for relief under I.C. 5–11–7–1 in its Memorandum in Support of Plaintiff's Response to Defendant's Motion to Dismiss.

8.  Upon remand this court determined that the report in *Rankin* was wholly inadequate to reflect probable cause. *State v. Rankin* (1974) 1st Dist., 160 Ind.App. 703, 313 N.E.2d 705. The report before us demonstrates probable cause. As earlier noted, it stated that the evidence would support a determination of driving while under the influence. (This opinion, *supra,* p. 520.)

1–2–3 (Burns Code Ed.Repl.1986), which applies to actions not otherwise limited. This statute provides:

"All actions not limited by any other statute shall be brought within ten [10] years unless the cause of that action arose before September 1, 1982, in which case the action must be brought within fifteen [15] years. In special cases, where a different limitation is prescribed by statute, the provisions of this section shall not apply."

Giving the words of the statutes their plain and ordinary meaning, as we are required to do, we hold that I.C. 34–1–2–1.5 is applicable to the case at bar. As stated by this court in *Kemper v. Warren Petroleum Corp.* (1983) 2d Dist.Ind.App., 451 N.E. 2d 1115, 1117, *trans. denied,* I.C. 34–1–2– 1.5 "provides a two year limitation upon all actions *relating* to the employment relationship except where there is a written employment contract." Puckett's employment with the Department was apparently based upon an oral contract. At least the State does not assert otherwise as a basis for not applying the two year limitation. Although the dispute at issue is based upon a written rule enacted pursuant to I.C. 4–15–2–5, the application of I.C. 34–1–2–1.5 does not depend upon the specific nature of the dispute. Instead, its application is based upon whether the dispute arose out of an employment relationship. *Id.* The disputed payment of the occupational injuries compensation pursuant to 30 I.A.C. 1–11–5 relates to Puckett's employment. Specifically, the payment is a privilege of Puckett's employment. "The 'privilege' of employment, although written, does not negate the fact that the privilege arose out of (Puckett's) oral employment contract with (the State)." *Id.*[9] Our holding that I.C. 34–1–2–1.5 is applicable therefore renders I.C. 34–1–2–3 inapplicable. The latter statute only applies to actions not limited by any other statute.

Our holding that I.C. 34–1–2–1.5 is applicable also renders the claim untenable due to its late filing. The general rule in Indiana is that the statute of limitations begins to run at the time when a complete claim arises or when a person becomes liable to a claim. *See French v. Hickman Moving and Storage* (1980) 3d Dist.Ind. App., 400 N.E.2d 1384. A claim accrues at the time injury is produced by acts for which the law allows recovery susceptible of ascertainment. *Scates v. State* (1978) 3d Dist., 178 Ind.App. 624, 383 N.E.2d 491. It is not necessary that the extent of the damage be known or ascertainable, but only that damage has occurred. *Butler v. Williams* (1988) 1st Dist.Ind.App., 527 N.E. 2d 231, *trans. pending.* Furthermore, one who has it within his ability to discover his injury may not use the failure to do so as a suspension of the running of the statute of limitations. *Fidelity and Casualty Co. of New York v. Jasper Furniture Co.* (1917) 186 Ind. 566, 117 N.E. 258; *Scates v. State, supra.*

Applying these rules, the cause of action arose at the time the State made, and Puckett accepted, the payment. Even if we were to hold that the statute did not begin to run until 1983, when the State discovered the existence of the hospital's blood test, the State would still be barred from asserting its claim because the complaint would have had to have been filed at some point in 1985.[10]

■ As to the State's final claim for recovery against Puckett for the value of the car Puckett was driving, we hold that the complaint fails to state a claim upon which relief may be granted. The State could not have pursued recovery for the value of the car under I.C. 5–11–1–1 *et seq.* This type of claim clearly does not fall within the Act's purview. No money repre-

---

**9.** In *City of Terre Haute v. Brown* (1985) 1st Dist.Ind.App., 483 N.E.2d 786, the decision incorporated statutes, ordinances and rules into an oral contract of employment and transformed the contract into a written contract. In this regard we decline to follow the First District's holding. It is one thing to hold that an

oral contract is governed in part by applicable statutes and regulations. It is quite a different thing to say that such renders the contract a contract in writing.

**10.** The exact date on which the State made its discovery is not apparent from the record.

senting the value of the car was misappropriated or diverted to Puckett, nor did Puckett illegally receive or retain any such money. Furthermore, while it appears that the State may have been able to prosecute for conversion had the complaint been timely, any such action is barred at this point in time by the Statute of Limitations contained in I.C. 34–1–2–2 (Burns Code Ed. Repl.1986).

## ISSUE III

The final issue raised by the State is whether the trial court erred in assessing costs against the State.

It is well settled that the State and its agencies are not liable for ordinary court costs and fees. *State v. Mileff* (1988) 4th Dist.Ind.App., 520 N.E.2d 123; *Ex parte Fitzpatrick* (1909) 171 Ind. 557, 86 N.E. 964; I.C. 33–17–3–10 (Burns Code Ed.Supp. 1986) (current version at I.C. 33–19–3–1 (Burns Code Ed.Supp.1988)). The trial court therefore erred in assessing costs against the State.

We remand with instructions that the trial court amend its judgment to delete the assessment of costs against the State. The judgment of the trial court is, in all other things, affirmed.

SHIELDS, P.J., and GARRARD, J., concur.