SALEM BANK AND TRUST COMPANY *v.* EDGAR D. WHITCOMB, JAMES P. QUINN, THE OHIO CASUALTY INSURANCE COMPANY, AND MARYLAND CASUALTY COMPANY.

[No. 272A68. Filed November 27, 1972. Rehearing denied January 23, 1973. Transfer denied March 29, 1974.]

*Virginia Dill McCarty, Dillon, Kelley, McCarty, Hardamon & Cohen,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John T. Rocap, Rocap, Rocap, Reese and Young, Hugh E. Reynolds, Locke, Reynolds, Boyd & Weisell,* of Indianapolis, *R. M. Gholston, Archer and Gholston, Thurman DeMoss, Young and Vandivier,* of Franklin, for appellees.

LOWDERMILK, J.—The trial court dismissed plaintiff-appellan'ts complaint against all of the defendants herein under their separate and several motions under Supreme Court Rule 12 (B).

Plaintiff-appellant filed its amended complaint, which consists of twelve legal Paragraphs naming each of said defendants-appellees therein.

The first Paragraph is against each and all the defendants-appellees, although each and all of the defendants were not defendants in each and every Paragraph of the amended complaint. The legal Paragraphs other than legal Paragraph I name various combinations of the defendants, with Edgar D. Whitcomb being a party defendant in each of said legal Paragraphs. Each legal Paragraph other than Paragraph I incorporates the material allegations of the first legal Paragraph as a part thereof.

The amended complaint alleges that Edgar D. Whitcomb was elected Secretary of State of the State of Indiana and took office on December 1, 1966, and appointed his co-defendant, Quinn, as Director of the Uniform Commercial Code, pursuant to statute.

Whitcomb gave his bond for faithful performance with the defendant-appellee, Ohio Casualty, as surety thereon. Quinn was not bonded.

Also on December 1, 1966, the Maryland Casualty Company filed with the State of Indiana as obligee a bond on Edgar D. Whitcomb, Secretary of State, naming him the insured, which bond was designated, among other things, as "faithful performance blanket bond coverage—$20,000", which later was amended by rider showing the obligee to be the State of Indiana, the insured to be Edgar D. Whitcomb, Secretary of State, and covering the position of Director of the Uniform Commercial Code in the principal amount of $100,000.

The amended complaint further alleges that the Owners Discount Corporation filed, on July 1, 1964, in the office of the Secretary of State of the State of Indiana, pursuant to § 9-401(c) of the Uniform Commercial Code, the same being Burns § 19-9-401(c), its financing statement covering all new and used cars held as inventory by Roth & Rummel Auto Sales, 201 West Chicago Avenue, Goshen, Indiana, the same bearing the file mark of Charles O. Hendricks, Secretary of State of the State of Indiana.

The plaintiff-appellant filed in the office of the Secretary of State on February 6, 1967, a security interest under the Uniform Commercial Code, showing the auto sales as Roth & Rummel Auto Sales, a partnership, 724 West Pike, Goshen, Indiana, 46256; there are a series of security interests filed by said plaintiff-appellant against Roth & Rummel Auto Sales which do not include the words "a partnership" and also showing a change of address as being Box 185, Goshen.

The amended complaint alleges, further, that under the Uniform Commercial Code, Burns § 19-9-408, the Secretary of State is required to maintain records of financing statements and index them. Section 9-407 of the Code, the same being Burns § 19-9-407, requires the Secretary of State to furnish information upon request, showing whether there is on file on the date and hour stated therein, any pres-

ently effective financing statement naming a particular debtor and any statement of assignment thereof. The same section requires the Secretary of State, upon request, to furnish a copy of any filed financial statement.

Plaintiff-appellant, on the 18th day of February, 1967, was considering an application for a loan on all inventoried automobiles of Roth & Rummel Auto Sales, and wished to ascertain if the loan would be safe, and desired to determine if the stock of automobiles was free and clear from the perfected security interest of another, and whether a financing statement filed by plaintiff with the defendant, Whitcomb, Secretary of State, would constitute a perfected security interest on said automobiles having priority over any other perfected security interest. The plaintiff-appellant requested Whitcomb, Secretary of State, to supply information and copies of the financing statements on file in his office naming the said auto sales. The request was made on the form UCC-11-Indiana Uniform Commercial Code. Thereafter, on the 20th day of February, 1967, defendant Whitcomb, Secretary of State, or Quinn, Director, Uniform Commercial Code, or an employee of the defendant, Whitcomb, as Secretary of State, under the direction and supervision of the defendant, Quinn, as Director of the Uniform Commercial Code, filled out the plaintiff's request form together with a financing statement extension sheet, and returned it to plaintiff-appellant, without showing the financing statement which was a priority of the Owners Discount Corporation. The amended complaint alleges the identity of the person who filled out said form is not known to the plaintiff.

The defendants-appellees did, on separate dates, each file their respective motions to dismiss the amended complaint under Supreme Court Rule 12 (B) (6).

In the meantime, plaintiff-appellant had submitted certain interrogatories to the defendants Whitcomb and Quinn, to be answered by them under oath under the Discovery Rules. Said defendants Whitcomb and Quinn then filed a motion

for protective order which was granted on April 29, 1971. On May 7, 1971, plaintiff-appellant filed a motion for order compelling answer to interrogatories and on the same day the trial court ordered said defendants Whitcomb and Quinn to answer said interrogatories within fourteen days.

On May 21, 1971, the defendant, Quinn, filed answers to the interrogatories propounded by the plaintiff, and on May 25, 1971, the defendant, Whitcomb, filed his answers to interrogatories propounded by plaintiff.

Thereafter, on July 22, 1971, the parties, by counsel, argued the motions to dismiss and ruling was taken under advisement, after which, on August 25, 1971, the court sustained a motion to dismiss and on October 26, 1971, entered its judgment which, omitting the formal parts, reads as follows:

"The Court having sustained the Motion to Dismiss by defendants, Edgar D. Whitcomb, James P. Quinn, The Ohio Casualty Insurance Company, and Maryland Casualty Company, and the plaintiff having refused to plead over, the Court now enters judgment for the defendants, Edgard [sic] D. Whitcomb, James P. Quinn, The Ohio Casualty Insurance Company, and Maryland Casualty Company and against the plaintiff, Salem Bank and Trust Company."

Plaintiff timely filed its motion to correct errors, consisting of eight specific alleged errors. One specification was directed to each of the defendants, alleging the court erred in dismissing the cause as to that defendant and denied plaintiff a fair trial, and the second specification was that the court's action was contrary to law. The same two specifications are asserted against each of the defendants.

The motion to correct errors was by the trial court overruled on November 20, 1971 and this appeal follows.

We believe that the motion to correct errors is sufficient to invoke Supreme Court Rule TR. 12 * * * Motion for Judgment on the Pleadings:

"(A) * * *

"(B) How presented. * * *

(1) * * *

(2) * * *

(3) * * *

(4) * * *

(5) * * *

(6) Failure to state a claim upon which relief can be granted, which shall include failure to name the real party in interest under Rule 17, ·

(7) * * *

(8) * * * If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Rule TR. 56 sets forth the procedure for summary judgment in Indiana, and is very similar to the Federal Rule on summary judgment, which affords this court guidelines for the interpretation of our Rule through federal decisions. As this court recently said in the case of *Boehne* v. *Camelot Village Apartments* (1972), 153 Ind. App. 21, 288 N.E.2d 771:

". . . We find great precedent in the Federal Rules of Procedure for the construction of our Rules and we shall not hesitate to rely thereon."

Inasmuch as interrogatories were filed and answered and made a part of the record in this cause before the trial judge ruled on the respective motions to dismiss and said interrogatories were not excluded by the record of the trial court, it is our opinion that these interrogatories being matters outside the pleadings fall within

Rule TR. 12 (B) (8), *supra*, and ultimately came under Rule TR. 56, wherein the court should have entered its findings and rendered its judgment thereon in the form of summary judgment rather than rendering judgment on the motions to dismiss.

It is our further opinion that had the interrogatories not been filed and answered and made a part of the record herein, then that part of Rule TR. 12 (B) (8) which we have set out hereinabove in this opinion, would not have been applicable.

In the case of *Sears, Roebuck & Co.* v. *Metropolitan Engravers* (1957 U.S.C.A. 9th Circuit), 245 F. 2d 67, 70, the action was for the recovery of money received by the appellees through fraud in overcharging the appellant for printing.

Appellee Blade filed an answer setting up, among other matters, the record of an action filed in a state court by the appellant against Blade. The state court action sought recovery of secret profits obtained by Blade over a period of years. None of the other defendants in the action was joined therein. In the case as captioned above, Blade filed a motion for summary judgment, based upon his answer and supporting documents in the instant action in the District Court. The court granted a summary judgment for the defendant Blade. Co-appellees filed no answer, according to the record filed in the appeals court. They filed a joint motion to dismiss the complaint, or in the alternative, a motion for summary judgment. The court granted the motion to dismiss alone.

Appellant Sears appealed from the summary judgment in favor of Blade and also from the judgment of dismissal based on the motion of co-defendants.

The appeals court held that the summary judgment as to the appellee Blade was correct, and further held as follows:

> "However, the trial court was in error in sustaining the motion to dismiss of Engravers and its associates. The court was not considering a motion for summary judgment. Consideration was therefore limited to matters ap-

pearing on the face of the pleadings. The applicable rule expressly so provides.[5]"[1]

The appeals court, after discussing the case further, reversed the cause on the trial court's ruling on the motion to dismiss.

In *Grand Opera Co.* v. *Twentieth Century-Fox Film Corp* (1956, U.S.C.A., 7th Cir.), 235 F. 2d 303, 307, the court, in discussing the limitations of the trial court on a motion to dismiss to consider anything other than the pleadings before the court said:

> "It is elementary that the district judge, in considering the motions to dismiss the amended complaint, had no right to consider any facts except those well-pleaded in the amended complaint. . . ."

See, also, *Department & Specialty Store Emp. Union* v. *Brown* (1961), 284 F. 2d 619; *Soley* v. *Star & Herald Co.* (1968), 390 F. 2d 364; *Emmons* v. *Smitt* (1945), 149 F. 2d 869.

2 A.L.R. Fed., at page 1032, reads as follows:

> "Although Rules 12 (b) and (c) appear to establish conclusively that in the federal courts matters outside the pleadings may be presented and considered on motions to dismiss for failure to state a claim on which relief can be granted and on motions for judgment on the pleadings, there is still the question of just what 'matters outside the pleadings' may be so presented and considered. Since the effect of presentation and consideration of such 'extra-pleading' matters is to convert a motion under Rule 12 (b) or (c) into a motion for summary judgment under Rule 56, the courts, in the comparatively few cases in which they have squarely faced this problem, have indicated *that the criterion to be applied in the determination of whether a particular material can*

---

1. Federal Rules of Civil Procedure, Rule 12 (b), 28 U.S.C.A., which provides in part, "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment."

*qualify as a 'matter presented' is whether such material is of the sort contemplated by Rule 56.* That rule provides that summary judgment shall be granted if *'the pleadings, depositions, answers to interrogatories,* and admissions on file, together with the affidavits, if any,' show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law, and thus the courts have concluded that the nonpleading matters presented should be either 'depositions,' 'answers to interrogatories,' 'admissions on file,' or 'affidavits.'

"In those instances in which the material presented on a Rule 12(b) or (c) motion fell within one of the foregoing categories enumerated by Rule 56, the courts have not hesitated to treat such motions as being for summary judgment. However, there are a number of cases where, without specific discussion, the courts have also treated motions under Rule 12(b) or (c) as converted into motion for summary judgment where the particular matters presented were, at least arguably, not within the classes so denominated by Rule 56. Although the decisions in this latter group of cases afford no basis for the development of generalizations, it is perhaps worthy of note that the admissibility of the material presented therein was apparently not challenged." (Our emphasis.)

In 2 A.L.R. Fed., p. 1035, § 3, it was stated that in *Allison* v. *Mackey* (1951), 88 App. D.C. 154, 188 F. 2d 983, the court held:

"*. . . Such matters outside the pleadings having been thus presented and considered, the court said that the motion to dismiss was required by Rule 12(b), to be treated as one for summary judgment, and that upon the facts disclosed by the pleadings and the memorandum of points and authorities, summary judgment should not have been granted.*" (Our emphasis.)

In *Smith* v. *United States* (1966), 362 F. 2d 366, 2 A.L.R. Fed. 1021, the court, in a per curiam opinion, in speaking of a Rule 12(b)(6) motion to dismiss, said:

"While the district court purported to act on the basis of a Rule 12(b)(6) motion to dismiss, the inclusion of the lease as an exhibit attached to the motion, and that fact that it was not excluded by the court, converted the motion

into one for summary judgment under Rule 56, Federal Rules of Civil Procedure. See Rule 12(c), Federal Rules of Civil Procedure; *International Longshoremen's and Warehousemen's Union* v. *Kuntz*, 9 Cir., 334 F. 2d 165, 168."

Inasmuch as our Rule 12(b) is identical to the Federal Rule 12(b) we are of the opinion that the trial court having had in its record before it the interrogatories answered by defendants-appellees, Whitcomb and Quinn, violated Rule TR. 12(B)(8), as the interrogatories were not excluded and were matters outside and beyond the scope of the pleadings before the court which would necessarily be considered under Rule TR. 56 under summary judgment and not under the motion to dismiss, the sustaining of the motions to dismiss as to each and all of the defendants-appellees was error.

Cause reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 289 N.E.2d 537.