STATE OF INDIANA v. ALLAN C. RANKIN ET AL.

[No. 1-374A39. Filed July 22, 1974. Rehearing denied August 12, 1974. Transfer denied January 28, 1975.]

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellant.

*Thomas M. Patrick, Dix, Patrick, Ratcliff & Adamson,* of Terre Haute, *Theodore D. Wilson,* of Indianapolis, *Rosenfeld, Wolfe & Frey,* of Terre Haute, *Samuel F. Beecher, Jr.,* of Terre Haute, *John O. Moss,* of Indianapolis, *James C. Kimbrough, Work & Kimbrough,* of Gary, *John O. Moomaw,* of Bloomfield, *James E. Sullivan, Cox, Zwerner, Gambill & Sullivan,* of Terre Haute, for appellees.

ROBERTSON, P.J.—The appellate history of this cause includes an appeal to this court (*State* v. *Rankin* [1972], Ind. App., 282 N.E.2d 851) which affirmed the trial court's sustaining of defendant-appellees TR. 12(B)(6) motion to dismiss. The Indiana Supreme Court granted transfer (*State*

v. *Rankin* [1973], 260 Ind. 228, 294 N.E.2d 604) and remanded the cause to the trial court for further proceedings. A referral to those two opinions will provide a factual and procedural history of this appeal through April 4, 1973, as well as the law of the case.

On remand the appellees filed an answer and submitted interrogatories to the Attorney General. After the Attorney General answered the interrogatories, the appellees successfully moved for summary judgment. The trial court held:

"1.   From the answers to interrogatories, heretofore filed on June 4, 1973 and verified on September 7, 1973, and upon the stipulation by the Attorney General on September 4, 1973, the Attorney General maintains that his statutory authority for bringing this action is derived from the following statutes: IC 1971, 5-11-1-9, (Burns section 60-211); IC 1971, 5-11-6-1, (Burns section 60-232); IC 1971, 5-11-6-3 (Burns section 60-234).
2.   The compilation of costs and estimates certified to the Attorney General, at his request, by the State Examiner, State Board of Accounts, on August 13, 1970, (answers to interrogatories, no. 4 j) was not a verified report as required by the statutes above set forth (answers to interrogatories no. 4 c and 4 h).
3.   The Attorney General has stipulated that he has no additional evidence, exhibits, affidavits or claimed statutory authority for bringing this action.
4.   The State Examiner's compilation of August 13, 1970, Even if verified, makes no showing of any probable cause of malfeasance, misfeasance or non-feasance in public office by the public officials named as Defendants herein.
5.   The Attorney General was not requested in writing to bring this action against the other named defendants by the Governor or a majority of officers of state pursuant to IC 1971, 4-6-2-1 (Burns section 49-1902) as shown by answers to interrogatories nos. 2 and 3.
6.   There is no statutory authority in this case for the Attorney General to initiate this action and the motions for summary judgment heretofore filed by the defendants must be sustained.
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT the motions for summary judgment heretofore filed by all defendants be sustained, there being no genuine issue of fact as to the lack of statutory authority on the part of the Attorney General to bring this action."

The three allegations of error contained in the Attorney General's overruled motion to correct errors contend that the trial court erred in finding the State Board of Accounts' report was not verified; that there was not probable cause for finding misfeasance, malfeasance, or non-feasance in public office or by public officials; and, that there was no statutory authority for the Attorney General to initiate the cause of action. We affirm.

The first issue is based upon that part of IC 1971, 5-11-1-9, Ind. Ann. Stat. § 60-211 (Burns 1961) which states:

> "If any such examination discloses malfeasance, misfeasance or non-feasance in office on the part of any officer or employee, an additional copy of such report shall be so made, signed and verified, and it shall be the duty of the state examiner to transmit the same to the attorney general and the attorney general shall institute and prosecute such civil proceedings against such delinquent officer . . ."

The body of the report received by the Attorney General from the State Board of Accounts reads:

> "At your request I am submitting the following information which is taken from the report of our Field Examiners, Hux, Swain and Wampler, of the April 23, 1970 riot damage at Indiana State University. At this time some of these amounts have not been finalized but these figures are considered as final until further information is received. I hereby certify that these figures are true and correct as shown on the report of the Field Examiners dated May 14, 1970."

Any discussion of whether the report was verified or not begs the question for the statute obviously requires a verified report only when the "examination discloses malfeasance, misfeasance, or non-feasance" of a governmental employee or officer. As held in rhetorical paragraph 4 of the judgment, the report is devoid of any such finding.

The Attorney General next argues that the State Board of Accounts' report does show probable cause of misfeasance,

malfeasance, or non-feasance on the part of the appellees. Reliance is placed on that part of *State* v. *Rankin, supra,* in which the Supreme Court stated that the report need not be conclusive as long as there is a showing of probable cause that it occurred.

Probable cause can be equated with what a reasonably intelligent and prudent person would believe based on facts found after reasonable inquiry. *Stivers* v. *Old National Bank in Evansville* (1970), 148 Ind. App. 196, 264 N.E.2d 339.

Again, the language of the State Board of Accounts' report cannot serve as a basis for probable cause to determine the prescribed conduct existed, nor can it serve as a springboard for any inference, in fact or in law, of misconduct on the part of the appellees.

Lastly, it is argued that IC 1971, 5-11-6-1, Ind. Ann. Stat. § 60-232 (Burns 1961) and IC 1971, 5-11-6-3, Ind. Ann. Stat. § 60-234 (Burns 1961) authorizes the instituting of this cause. These statutes establish a procedure of investigating and correcting illegalities involving public works and contracts. They are not authorization for the Attorney General to pursue liquidated property damages.

Judgment affirmed.

Lowdermilk and Lybrook, JJ. concur.

NOTE.—Reported at 313 N.E.2d 705.