James T. COCHRAN, Plaintiff–Appellant,

v.

Frank T. HALLAGAN, Patricia M. Hallagan, and Orval D. Hunter, Defendants–Appellees.

No. 1–180A20.

Court of Appeals of Indiana, First District.

Sept. 11, 1980.

Paul J. Watts, C. Laurence Yinger, Spencer, for plaintiff–appellant.

Roger G. Lawrence, Price & Runnells, Bloomfield, for defendants–appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Plaintiff–appellant brings this appeal from the trial court's sustaining of motions to dismiss as to all defendants–appellees. We remand for further proceedings consistent with this opinion.

## FACTS

In 1977 appellees Frank and Patricia Hallagan were the successful bidders in an estate sale of real estate known as the "Crane property." Frank Hallagan later rescinded the contract by letter of his attorney in December 1977 to the administrator of the estate, appellee Hunter. Hunter then sought another purchaser and proposed to Cochran that he purchase the property from the Hallagans for thirty–six thousand dollars. This agreement was acceptable to the Hallagans as witnessed by a letter written by their attorney to Hunter on March 17, 1978. Cochran sold sixty acres of his homestead in order to raise the amount due the administrator but then was advised that the Hallagans refused to consummate the transaction. Hunter executed the deed, upon order of the Greene Circuit court on May 18, 1978, to Frank and Patricia Hallagan. The court denied Cochran's petition to set aside the order of sale. Cochran brought the instant action against the Hallagans in two counts seeking alternatively either specific performance of the oral contract for the conveyance of land or the imposition of a constructive trust upon the real estate in his own favor or an order setting aside the conveyance and for $180,-000 in punitive damages and also against Hunter in two counts for $180,000 in punitive damages charging him with fraud and malpractice. Hunter answered and moved to dismiss. The Hallagans answered and moved to strike both counts as to Patricia Hallagan and count one as to Frank Hallagan. The trial court dismissed all counts against all defendants in the following entry:

"The Court having heard arguments on the pending motions to dismiss and strike and having considered the Briefs and Re-

ply Briefs filed by the Parties hereto and being duly advised in the premises now finds that the Motion to Dismiss heretofore filed by Defendants, Frank T. Hallagan and Patricia M. Hallagan, on May 1, 1979, should be and hereby is granted. Cause dismissed as to Frank T. Hallagan and Patricia M. Hallagan. The Court further finds that the Motion to Dismiss as filed by Defendant Orval D. Hunter on April 12, 1979, should be and hereby is granted. Cause dismissed as to Orval D. Hunter. James R. Arthur, Special Judge."

## ISSUES AND DECISION

■ The issues raised by appellant Cochran for appeal cluster solely around the point of whether the court erred in dismissing each of the four counts as to each defendant either pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(6) or pursuant to Ind. Rules of Procedure, Trial Rule 56. We perceive a more basic issue, however, and that is whether appellant has an appealable final order from the trial court upon which to launch his appeal. We hold that he does not. Neither the trial court's entry nor the record presented for review indicates whether the court treated the motions to dismiss and to strike pursuant to T.R. 12(B)(6)[1] or pursuant to T.R. 56. Because the parties in their appellate briefs vacillate between the standards applicable under these two Rules in discussing the various issues, appellate review becomes impossible.

■ Each of the briefs indicates confusion as to the meaning of the court's entry in this case, and the parties attempt to argue each issue both ways, citing Indiana case law for the proposition that a T.R. 12(B)(6) motion may be treated as a T.R. 56 motion. While this proposition is correct as far as it goes, it does not reach the heart of the problem at hand, *viz.*, which of two standards are applicable for purposes of

appellate review. Although the ends, or results, may be the same as to all the issues, the means used to reach these ends as to each issue may be different under T.R. 12(B)(6) or T.R. 56 and must be clearly presented to this court for review. In the case of a judgment granted on the basis of T.R. 12(B)(6), we shall ask whether plaintiff's complaint stated any set of allegations, no matter how inartfully pleaded, upon which the court below could have granted relief. *State v. Rankin,* (1973) 260 Ind. 228, 294 N.E.2d 604, *aff'd* 160 Ind.App. 703, 313 N.E.2d 705 (1974); *State Farm Mutual Auto. Insur. Co. v. Shuman,* (1977) Ind.App., 370 N.E.2d 941, *transfer denied.* In the case of a judgment granted on the basis of T.R. 56, however, we shall ask whether there was any genuine issue to a material fact and whether the moving party was entitled to judgment as a matter of law. *Kendrick Memorial Hospital, Inc. v. Totten,* (1980) Ind.App., 408 N.E.2d 130 (filed July 23, 1980) Ind.App. No. 1–180–A–12; *see also Anderson v. Anderson, supra.*

■ The necessity of distinguishing the applicability of each Rule individually becomes apparent when, as in the instant case, multiple issues are involved. Here we have allegations of the existence of a written contract for the conveyance of land, actual fraud, constructive fraud, and attorney malpractice. The court's entry set forth above suggests simply that the court dismissed all counts as to all defendants pursuant to T.R. 12(B)(6). The entry specifically states that the court "heard arguments on the pending motions to dismiss and to strike and . . . considered the Briefs and Reply Briefs filed by the parties hereto . . ." but not that it considered the interrogatories on file or other matters outside the pleadings or that it found no genuine issue of material fact as to any count. If matters outside the pleadings are presented to and not excluded by the court, a T.R. 12(B)(6) motion must be treated as one for summary judgment and disposed of

---

1. Where a motion to strike under Ind. Rules of Procedure, Trial Rule 12(F) attacks the legal sufficiency of the complaint, as it does in this case, the trial court applies the same standards

for granting relief as it would use if the motion had been brought under T.R. 12(B)(6). *Anderson v. Anderson,* (1979) Ind.App., 399 N.E.2d 391.

as provided by T.R. 56. *Estate of Tanasijevich v. City of Hammond*, (1978) Ind.App., 383 N.E.2d 1081. In fact, the Indiana Supreme Court has held that where interrogatories are filed prior to argument and ruling on the motion to dismiss, the motion to dismiss is automatically converted to a motion for summary judgment. *Salem Bank and Trust Co. v. Whitcomb*, (1972) 154 Ind. App. 229, 289 N.E.2d 537, *transfer denied and aff'd* 261 Ind. 614, 308 N.E.2d 707 (1974). However, this court has also held that "a trial court may not consider facts set forth in a party's brief when granting summary judgment." *Equitable Life Assurance Society of the United States v. Crowe*, (1976) Ind.App., 354 N.E.2d 772.

The parties in their briefs here discuss most issues as though the trial court did consider matters outside the pleadings and thus as though summary judgment had been granted. It seems to us that allegations as to the existence of a written or oral contract for the sale of real estate would not generally be an appropriate issue upon which to grant a motion to dismiss, although it might be disposed of on summary judgment if there were no factual issues involved and the moving party were entitled to judgment as a matter of law. Allegations of fraud, on the other hand, which must be pleaded with a certain specificity pursuant to Ind. Rules of Procedure, Trial Rules 8 and 9, would be an issue more appropriately dealt with as a motion to dismiss rather than upon a motion for summary judgment. If, as it appears from the entry, the trial court meant to grant appellees' motions to dismiss and to strike as to all the issues and not a summary judgment as to any of the issues, compliance with T.R. 12(B) requires that the trial court enter a judgment[2] to that effect, thereby enabling the parties to effect a proper appeal and enabling this court to conduct a proper review. If the court meant to grant a summary judgment as to all the issues, once again a judgment entry as a matter of record is necessary.[3] If summary judgment is granted as to certain, but not all, of the issues, claims, or parties, the court must designate those claims or issues upon which it finds no genuine issue as to any material fact. T.R. 56.

2. *See Parrett v. Lebamoff*, (1979) Ind.App., 383 N.E.2d 1107, for the proposition that while the mere sustaining of a motion to dismiss because a complaint does not state a cause of action does not constitute a final judgment, a plaintiff who elects not to replead and who makes this fact known to the court may authorize entry of judgment at the time the motion is sustained. In *Parrett* Judge Garrard analyzed this procedure in the following way:

"In salient part [Trial Rule 12(B)(6)] provides,

'When a motion to dismiss is sustained for failure to state a claim under subsection (B)(6) of this rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule.'

"Clearly this language does not contemplate the immediate entry of judgment upon the sustaining of such a motion. Rather it prescribes a procedure similar to the old practice on demurrers. The court should grant the motion, await the expiration of the ten day period and then adjudge the dismissal for the failure of the party to plead over. In the alternative the party against whom the motion is granted may advise the court of his election to not plead over and thus authorize entry of judgment.

"However, it is equally clear that the only party harmed by the entry of judgment immediately upon the sustaining of a TR 12(B)(6) motion is the party against whom the motion was directed. If he in fact does not wish to plead over, no harm has occurred from the error.

"In addition, we are mindful that Appellate Rule 4(E) provides that appeals should not be dismissed as a matter of right merely because the case was not finally disposed of in the court below. We may dismiss such an appeal, or in our discretion, we may suspend consideration until the necessary final disposition is made by the trial court, or we may decide the issues which have been adjudicated so long as they are properly severable." *Id.* at 1109.

3. Failure to state the legal basis relied upon in the granting of summary judgment does not necessarily constitute a procedural defect under T.R. 56. *Ahnert v. Wildman*, (1978) Ind. App., 376 N.E.2d 1182, *transfer denied.* However, as our Supreme Court pointed out in *Brandon v. State*, (1976) 264 Ind. 177, 340 N.E.2d 756 at 758: "If appellate review is frustrated by the lack of such statements, remand to the trial court is proper."

Remanded for entry of judgment consistent with this opinion.

ROBERTSON, P. J., and NEAL, J., concur.