**ELCONA HOMES CORPORATION, (Defendant/Third-Party Plaintiff) Appellant,**

v.

**McMILLAN BLOEDELL, LIMITED, and Robert Weed Plywood Corporation, (Third-Party Defendants) Appellees.**

No. 3–884A224.

Court of Appeals of Indiana,
Third District.

March 20, 1985.
Rehearing Denied May 9, 1985.

John D. Nell, Richard B. Kaufman, Wooden, McLaughlin & Sterner, Indianapolis, for appellant.

Timothy J. Walsh, Edward N. Kalamaros & Associates, P.C., South Bend, for appellee McMillan Bloedell, Ltd.

Robert T. Sanders III, Daniels, Sanders & Pianowski, Elkhart, for appellee Robert Weed Plywood, Corp.

HOFFMAN, Judge.

Elcona Homes Corporation appeals the dismissal of its third-party complaint for indemnity, in favor of third-party defendants, McMillan Bloedell, Limited, and Robert Weed Plywood Corporation.

The basis of this appeal arises out of an action by Clyde and Teresa Joseph (plaintiffs) against Logan Mobile Homes, Inc. (Logan) and Elcona Homes Corporation (Elcona) for damages incurred by Clyde Joseph as the result of a fall through the flooring of his mobile home. The mobile home, manufactured by Elcona, was purchased by the Josephs on June 7, 1979, from Logan, a retailer of Elcona homes.

Within the year following the purchase, plaintiffs notified Logan and Elcona of certain defective conditions existing in the home, at least one of which involved the flooring. Pursuant to the notice, representatives of both Logan and Elcona inspected the premises and undertook to make modifications and repairs of the home. On July 27, 1980, after repairs were made, Clyde Joseph was injured when the chair in which he was sitting fell through the floor of his home.

Plaintiffs filed suit against Elcona, the manufacturer of the home, and Logan, the retailer. Logan, however, failed to respond to suit. Elcona was granted leave of court to file a third-party complaint for indemnity against appellees, McMillan Bloedell, Limited (McMillan), the manufacturer of the flooring, and Robert Weed Plywood Corporation (Weed), the retailer of the flooring. A subsequent cross-claim for indemnity was filed by Weed against McMillan. McMillan and Weed filed motions for summary judgment.

The trial court entered an order on September 27, 1983, dismissing Elcona's third-party complaint. In its order, the court specifically stated that the motions for summary judgment filed by McMillan and Weed were more appropriately considered under Trial Rule 12(B)(6) of the Indiana Rules of Procedure as motions to dismiss for failure to state a claim upon which relief could be granted.[1]

The initial issue which must be resolved by this Court on review is whether the trial court correctly considered appellees' motions for summary judgment as motions to dismiss. As a defense to the third-party complaint, both appellees assert Elcona's failure to state a claim upon which relief can be granted. Such a defense is appropriate under Trial Rule 12(B)(6), if that conclusion may be reached by relying solely upon the pleadings filed with the court. Trial Rule 12(B)(8) provides:

"If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treat-

---

1. Weed's cross-claim for indemnity was thereby rendered moot.

ed as one for summary judgment and disposed of as provided in Rule 56...." *Middelkamp v. Hanewich* (1977), 173 Ind.App. 571, 364 N.E.2d 1024. *Salem Bank & Trust Co. v. Whitcomb et al.* (1972), 154 Ind.App. 229, 289 N.E.2d 537, *transfer denied* (1974), 261 Ind. 614, 308 N.E.2d 707.

Elcona filed its answers to plaintiffs' interrogatories on July 21, 1982, prior to the court's dismissal of Elcona's complaint. In addition, an affidavit and exhibit were filed by a representative of Weed in support of Weed's motion for summary judgment. These documents are not pleadings as defined by Trial Rule 7(A).[2] However, the judge, in his order of May 7, 1984, explicitly stated:

"2. The Court now notes that the above determination is a judgment of dismissal; as the parties are well aware the Court had intended its determination upon the pleadings and therefore reflects that although it is entering judgment it is doing so without the benefit of fact-finding hearing."

The statement of the judge, specifically included in the record, clearly shows that his decision was made upon a review of the pleadings only. The action, therefore, was properly considered as one which lies, not under Trial Rule 56, but under Trial Rule 12(B)(6).

The primary issue on appeal is whether Elcona is legally entitled to maintain a third-party action for indemnity against McMillan and Weed. In reviewing the dismissal of Elcona's complaint pursuant to Trial Rule 12(B)(6), this Court must consider the complaint in a light most favorable to Elcona, with every inference drawn in its favor. A complaint is subject to dismissal only if it is clear from the face of the complaint that under no circumstances may relief be granted. *Williams v. State* (1983), Ind.App., 444 N.E.2d 888.

Indiana adheres to the long-standing rule prohibiting contribution among joint tort-feasors. *Jackson v. Record, Admr.* (1937), 211 Ind. 141, 5 N.E.2d 897; *Barker v. Cole* (1979), Ind.App., 396 N.E.2d 964. A right of indemnification generally arises in Indiana only by contract, express or implied, and in the absence of such contract, the right does not exist. *McClish v. Niagra Machine and Tool Works* (S.D.Ind. 1967), 266 F.Supp. 987. Elcona does not assert the existence of an express contract, therefore, any right of indemnification must arise by implication.

A right of indemnification has been implied at common law in favor of one whose liability to another is solely derivative or constructive and only against one whose wrongful act has caused such liability to be imposed. *McClish, supra*, 266 F.Supp. at 991; *State v. Thomas et al.* (1976), 169 Ind.App. 13, 346 N.E.2d 252. Elcona alleges that any liability it might incur as a result of plaintiffs' action is entirely derivative or constructive. Paragraph 4 of Elcona's complaint states:

"4. Elcona has denied that there was any defect in the flooring or that it has any liability whatsoever to plaintiff for the matters alleged in Count II of the Complaint; but, in the alternative, in the event such allegations are sustained and proven by plaintiff, any liability on the part of Elcona is derivative and solely constructive of the acts of McMillan and Weed, arising solely as a result of Elcona's purchase of the decking and flooring in question from the third-party defendant Weed and as result of the acts of McMillan in connection with the sale and manufacture of such flooring."

Elcona argues that any legal responsibility it may have to plaintiffs falls within the ambit of strict liability. Strict liability, as it is defined by the Indiana Product Liabili-

---

**2.** "Trial Rule 7 ...

(A) Pleadings. The pleadings shall consist of
(1) a complaint and an answer;
(2) a reply to a denominated counterclaim;
(3) an answer to a cross-claim;

(4) a third-party complaint, if a person not an original party is summoned under the provisions of Rule 14; and
(5) a third-party answer.
"No other pleadings shall be allowed ...."

ty Act,[3] imposes legal responsibility upon one who sells any product, in a defective condition, unreasonably dangerous to a user or consumer. IND.CODE § 33–1–1.5–3. Liability thereunder attaches although the seller has exercised all possible care in the preparation and sale of the product.[4] To be held strictly liable, however, the seller must be engaged in the business of selling such a product and the product must be expected to, and does, reach the user or consumer without substantial change in the condition in which it was sold.[5]

Elcona urges the Court to place it within the class of sellers held strictly liable because of the mere sale of a defective product. In order to evaluate the nature of Elcona's liability, plaintiffs' allegations against it must be considered. Only Count II of plaintiffs' complaint is at issue in Elcona's third-party complaint. Pertinent sections of Count II appear as follows:

"Come now plaintiffs, Clyde Joseph, Sr. and Theresa Joseph, by counsel, and for cause of action against defendants, Logan Mobile Homes, Inc. and Elcona Homes Corporation, do herein state as follows:

"1. Come now plaintiffs and incorporate by reference Rhetorical Paragraphs 1, 2, 3, 4, 5, 6, and 7 as if the same were recited in full herein.

"8. That upon the placement of the mobile home upon plaintiffs' property, both defendant, Logan Mobile Homes, Inc., and defendant, Elcona Homes Corporation, were within the one year expressed warranty, made aware of certain defective conditions that existed in said mobile home, both in materials and workmanship, these conditions relating to water leaks, floor unlevel with holes, door displacement and other problems relating to plaintiffs' use and occupancy of the premises.

"9. That defendants, both Logan Mobile Homes, Inc. and Elcona Homes Corpora-

tion did by their agents, representatives, and/or employees, undertake to make certain modifications, repairs, and improvements upon said mobile home occupied by plaintiffs and located at their property in Rural Pulaski County, Indiana.

"10. That further, the agents, employees and/or representatives od [sic] defendant, Logan Mobile Homes, Inc., and defendant, Elcona Homes Corporation, were present at plaintiffs' residence prior to July 27, 1980, and had an opportunity to be familiar with and examine the conditions of the premises prior thereto.

"11. That on or about July 27, 1980, plaintiff, Clyde Joseph, Sr., was injured when a chair in which plaintiff was sitting in went through the floor of said mobile home, causing plaintiff to be dislodged from said chair and to sustain great physical and bodily injury.

"12. That at the time of said injury, defendants, their employees, and/or agents, owed a duty to warn plaintiff of defective and inherent conditions on the property which they knew or should have known of by said inspections and repair upon the property.

"13. That as a direct result of said defendant's failure and/or negligence, there did exist on or about July 27, 1980, a defective condition in plaintiffs' floor, which condition was the proximate cause of plaintiff, Clyde Joseph's, fall and injury."

 Plaintiffs do not allege the flooring herein was unreasonably dangerous nor that it reached plaintiffs without substantial change. Plaintiffs do not allege Elcona is merely constructively liable but point instead to negligent acts and omissions specifically attributable to Elcona. Indiana requires a party seeking indemnification from another be free of fault. *McClish, supra; E.Z. Gas, Inc. v. Hydrocarbon Transp. Inc.* (1984), Ind.App., 471 N.E.2d 316; *Coca-Cola Bottling Co.-Gosh-*

---

**3.** IND.CODE § 33–1–1.5–1 *et seq.* amended 1983, P.L. 297.

**4.** IND.CODE § 33–1–1.5–3(b)(1).

**5.** IND.CODE § 33–1–1.5–3(a).

*en v. Vendo Co.* (1983), Ind.App., 455 N.E.2d 370. The Court in *Coca-Cola Bottling Co.-Goshen v. Vendo Co.* reiterates the rule:

"[B]ecause of the equitable nature of such indemnity claims and the rule against contribution among tortfeasors who are *in pari delicto* indemnity will not be allowed where the party claiming indemnity is guilty of actual negligence, whether malfeasance, misfeasance or nonfeasance." (Citations omitted.) 455 N.E.2d at 373.

Plaintiffs' complaint reads not in strict liability but in negligence. Elcona may not redefine plaintiffs' claim as one in strict liability where its own negligence has been specifically alleged. Although disputed factual questions may preclude or defeat the liability of an indemnity claimant to the party injured, a court is not prevented from disposing of an improper indemnity claim. *Coca-Cola, supra.* The trial court did not err in dismissing Elcona's third-party complaint for indemnity.

Judgment affirmed.

Affirmed.

GARRARD and NEAL, JJ., participating by designation, concur.