Richard C. **MULLOY**, Helicopters, Inc., Continental Insurance Companies, by and through its aviation insurance manager, and Fireman's Fund Insurance Company, Plaintiffs,

v.

**CINCINNATI GAS & ELECTRIC COMPANY**, Defendant.

No. NA 90–149–C.

United States District Court,
S.D. Indiana,
New Albany Division.

Oct. 21, 1992.

A. Courtney Guild, Jr., Goldberg & Simpson, P.S.C., Louisville, KY, for Richard C. Mulloy, Helicopters Inc., Continental Ins. Co. and Firemen's Fund Ins. Co.

Nicholas C. Nizamoff, White & Raub, Indianapolis, IN, for Cincinnati Gas & Elec. Co.

*MEMORANDUM*

BROOKS, Chief Judge.

This matter comes before the Court on

Defendant's Motion to Dismiss[1] and Plaintiffs' Motion for Leave of Court to File Amended Complaint.

### MOTION TO DISMISS

The sole Count of Plaintiffs' Complaint requests "[j]udgment against defendant, Cincinnati Gas & Electric Company, Inc., under common law indemnity for Cincinnati Gas & Electric Company, Inc.'s negligence." Complaint at 6. Defendant argues that the Complaint should be dismissed because there is no common law indemnity in Indiana. It is undisputed by the parties and the Court finds that Indiana law is applicable to this case.

Plaintiffs argue that "Indiana appears to be on the threshold of joining the overwhelming majority of federal and state jurisdiction that allow contribution and indemnity among joint tortfeasors." Plaintiffs' Answer Brief at 3. Plaintiff further argues, "the Indiana Court of Appeals acknowledged that '... it may be that the time is near at hand for Indiana to assess its position on contribution among joint tortfeasors ...' *Coca–Cola Bottling Company—Goshen, Indiana v. Vendo Company,* 455 N.E.2d 370, 372 (Ind.App., 1983)." Plaintiffs' Answer Brief at 5–6. It does not appear that Indiana is on the threshold of change—transfer was denied by the Indiana Supreme Court in that case and in at least two other cases which presented similar opportunities for Indiana to alter it position on indemnity among tort-feasors. *See Gomez v. Adams* (1984), Ind.App., 462 N.E.2d 212; *Elcona Homes v. McMillan Bloedell* (1985), Ind.App., 475 N.E.2d 713; *see also Indianapolis Power & Light v. Snodgrass* (1991), Ind., 578 N.E.2d 669. Nearly a decade has passed since Plaintiffs' most recent indication that Indiana was on the threshold of change. If change had been impending, it probably would have already occurred given the multiple opportunities which were presented. Nevertheless, this Court is bound to enforce the law as it is, not as it thinks it might become.

Plaintiffs next note exceptions from other jurisdictions which also prohibit common law

indemnity. Citations from other jurisdictions are not helpful in this case. Plaintiffs' arguments that such exceptions might also be permitted in Indiana are unpersuasive. Such exceptions, if permitted in Indiana, presumably would have been presented with Indiana citations.

Finally Plaintiffs argue that "the time is ripe for a modification or extension of the application of existing Indiana law in matters where the primary claim of the injured party is settled. This Court agrees with the Court of Appeals of Indiana when it stated in *Coca–Cola Bottling Co. v. Vendo Co.* (1983), Ind. App., 455 N.E.2d 370,

> While it may be that the time is near at hand for Indiana to assess its position on contribution among joint tortfeasors, that is more properly a task for the legislature or our Supreme Court. We decline appellant's invitation as we are bound by the traditional Indiana rule ...

*Coca–Cola Bottling* at 373.

This point of law is well settled in Indiana, the Motion to Dismiss is well taken, the Motion to Dismiss will be granted.

### MOTION TO AMEND COMPLAINT

Plaintiffs seek leave of this Court pursuant to F.R.C.P. 15(a) to amend their complaint. Though not so stated in their brief, the only difference the Court can find between the current Complaint and the tendered Amended Complaint is the insertion of the words "contribution or" between "common law" and "indemnity" in two places that phrase occurs in the Complaint. Since this Court does not see how this amendment alters the theory of Plaintiffs' one Count Complaint and the Plaintiffs have not presented an argument explaining how this amended complaint would survive the same Motion to Dismiss which has been granted in this Order and Memorandum, the Motion to Amend Complaint will be denied.

### ORDER

This matter having come before the Court on Defendant's Motion to Dismiss and Plain-

---

1. Defendant's Memorandum in Support of Defendant's First Affirmative Defense, filed 2 January 1991, was deemed to be a Motion to Dismiss by this Court's Entry of 6 February 1991 (Entry erroneously dated 1990).

tiffs' Motion for Leave of Court to File Amended Complaint, and the Court being duly advised, it is

ORDERED that Defendant's Motion to Dismiss is GRANTED, and

ORDERED that Plaintiffs' Motion for Leave of Court to File Amended Complaint is DENIED this 21st day of October 1992 in Evansville, Indiana.