**ROTEC, DIVISION OF ORBITRON, INC., Appellant–(Third–Party Defendant Below),**

v.

**MURRAY EQUIPMENT, INC., Appellee–(Plaintiff Below),**

**and**

**C & W FABRICATING, INC., Appellee–(Third–Party Plaintiff Below).**

Nos. 92A03–9212–CV–387, 92A05–9302–CV–051.

Court of Appeals of Indiana, Third District.

Dec. 22, 1993.

Rehearing Denied Feb. 16, 1994.

Robert J. Palmer, D. Andrew Spalding, May, Oberfell & Lorber, South Bend, for appellant.

John H. Brandt, Thomas J. Galanis, Beckman, Lawson, Sandler Snyder & Federoff, Fort Wayne, for appellee Murray Equipment, Inc.

Mark W. Baeverstad, Kathleen A. Kilar, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellee C & W Fabricating, Inc.

HOFFMAN, Judge.

This is a permissive interlocutory appeal pursuant to Ind. Appellate Rule 4(B)(6). Two separately filed appeals stemming from the same transaction were consolidated for the convenience of the parties, allowing a single record to be filed for both actions. For purposes of review, the two appeals will be addressed separately. The parties in the action addressed herein are Rotec, Division of Orbitron, Inc. (Rotec) and C & W Fabricating, Inc. (C & W). Each party is appealing from the trial court's denial of its motion for summary judgment.

The procedural history and facts pertinent to the appeal disclose that in January 1990, Murray, Equipment Inc. (Murray, Inc.) filed suit against C & W alleging *inter alia* a breach of implied warranties and the defective design and manufacture of 61 stands which were purchased by Murray, Inc. from C & W in January 1988. The stands were purchased to hold 2,500 gallon agricultural chemical tanks sold by Rotec. The total purchase price of the stands was $37,890.00.

The president of Murray, Inc., Steven Murray, had contacted Rotec's representative, Mike Melkus, desiring to purchase tanks and stands as a package. Melkus informed Murray that Rotec preferred to sell tanks only. Melkus told Murray that C & W manufactured stands for Rotec's 2,500 gallon tanks.

Melkus and C & W's president, Allen Wade, had previously discussed the fabrication of stands to conform to Rotec's 2,500 gallon tanks. There is no dispute that Melkus supplied a picture of a stand being fabricated by another company and that he approached Wade in an attempt to ferret out a better price for the stands. A dispute exists as to whether Wade measured a stand himself or Melkus supplied measurements which appear on a copy of the picture.

Murray, Inc. had a prior business relationship with C & W. Murray contacted Wade regarding the tank stands. Wade assured Murray that C & W could manu-

facture Rotec tank stands. Murray stressed that Murray, Inc., a wholesaler, was under time constraints.

C & W timely delivered the tank stands. However, in early spring when the storage tanks were filled, some of the stands buckled from the weight of the liquid. Murray contacted Wade regarding the problem. The two concluded that the stands buckled due to improper installation. Although a representative of Rotec was contacted, Rotec did not offer an explanation for the problem.

Murray, Inc.'s large customer for whom the tanks and stands were purchased insisted that the stands be replaced. Murray, Inc. replaced all but one of the stands at its expense.

Prompted by additional stand failures and an engineering report commissioned by Murray, Inc., Murray, Inc. filed suit against C & W. C & W filed its initial motion for summary judgment in December 1990. Summary judgment was denied in March 1991; however, the trial court certified the matter for interlocutory appeal. In July 1991, this Court denied C & W's petition for interlocutory appeal.

In November 1991, C & W filed a third-party complaint against Rotec. On Rotec's motion for a change of venue, the cause was venued to Whitley County. On June 12, 1992, C & W filed a motion for summary judgment against Rotec, which Rotec opposed. Rotec moved for summary judgment in its favor on June 18, 1992. On October 9, 1992, the court denied the motions for summary judgment. The denial was certified for interlocutory appeal. This appeal ensued. Other facts as asserted by the parties appear below as necessary to a resolution of the appeal.

As restated and consolidated, the issues on appeal are:

(1) whether Rotec can be found liable to C & W on an indemnification theory of recovery; and

(2) whether genuine issues of material fact exist which would preclude summary judgment for either party.

The parties to a summary judgment proceeding must expressly designate to the trial court evidentiary matter which supports their respective positions. Summary judgment is appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Brockmeyer v. Fort Wayne Public Transp.* (1993), Ind. App., 614 N.E.2d 605, 606.

In reviewing a motion for summary judgment, this Court stands in the shoes of the trial court. This Court must liberally construe all designated evidentiary matter in favor of the non-moving party and resolve any doubt against the moving party. Even if it appears that the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences. *Id.* The existence of a genuine issue of material fact shall not be ground for reversal on appeal unless such fact was designated to the trial court and is included in the record. *Id.* at 606–607.

Generally, the right of indemnification arises only by contract, express or implied, or by statutory obligation. *See Indianapolis Power v. Brad Snodgrass* (1991), Ind., 578 N.E.2d 669, 670–671; *Sears, Roebuck and Co., Inc. v. Boyd* (1990), Ind.App., 562 N.E.2d 458, 461; *Elcona Homes Corp. v. McMillan Bloedell Ltd.* (1985), Ind.App., 475 N.E.2d 713, 715. However, a right to indemnity may be implied at common law. *Indianapolis Power, supra,* 578 N.E.2d at 671; *Elcona, supra,* 475 N.E.2d at 715. In the absence of any express contractual or statutory obligation to indemnify, such action will lie only where a party seeking indemnity is without actual fault but has been compelled to pay damages due to the wrongful conduct of another for which he is constructively liable.

*Four Winns, Inc. v. Cincinnati Ins. Co.* (1984), Ind.App., 471 N.E.2d 1187, 1189; *see also Indianapolis Power, supra,* 578 N.E.2d at 671 (derivative or constructive liability to third party arises only as against one who has by his wrongful act caused liability to be imposed upon indemnitee who is free from fault).

▮▮▮ Typically, common-law claims for indemnity arise in tort actions involving such liabilities as respondeat superior or arise in breach of warranty situations where the retailer is sued upon implied warranties which are identical to those imposed upon the manufacturer's sale to the retailer. *Coca–Cola Bottling Co.-Goshen v. Vendo Co.* (1983), Ind.App., 455 N.E.2d 370, 373. Because such claims are equitable in nature, and in view of the rule against contribution among joint tortfeasors, the party claiming indemnity must be free from negligence in the tort situation. *Id.* When a claim for indemnity is based upon breach of warranties, indemnity will be foreclosed if the claimant breached a duty to inspect the article and the inspection would have revealed the defect or if the claimant failed to demonstrate the absence of material change or alteration in the condition of the article between the date of purchase and the date of the subsequent resale. *Id.* Also, as noted above, the claimant must demonstrate that he has paid or will be compelled to pay a judgment recovered by the injured party. *See id.*

Murray, Inc.'s complaint alleged two separate avenues for relief. The complaint sounded in tort, alleging defective design, fabrication, and material. Also, Murray, Inc. alleged breaches of implied warranties of merchantability and fitness for ordinary and a particular purpose. C & W's third-party complaint alleged that the design was provided by Rotec and requested indemnification.[1]

Through an affidavit by Wade, C & W contends that Rotec's representative provided a picture of a stand, allowed Wade to inspect a stand, and then provided measurements taken from a stand fabricated by an unknown company. C & W was asked to fabricate an identical stand. Rotec did not provide mechanical drawings and did not request an engineering study. From 1985 to 1988, C & W fabricated the stands for Rotec.

▮▮▮ Rotec's representative, Mike Melkus, indicated in his affidavit that he provided a picture of a tank stand which had been purchased from another source. Melkus assisted Wade in measuring a stand. However, considering the interlineations in his affidavit, Melkus contends that he did not write the dimensions of the stand which appear on the picture. Genuine issues of material fact exist as to whether Rotec "designed" the stand and which portions of the specifications were provided by Rotec.

Additionally, Rotec protests that it did not have a contract with and was not in privity with either C & W or Murray. However, factual determinations which may form a sufficient nexus to bind Rotec remain. It is undisputed that Rotec could not have engaged in the sale of its 2,500 gallon storage tanks without the availability of stands to hold the tanks. When approached by Murray, Inc. in an effort to purchase tanks and stands, Rotec refused to sell stands. Instead Rotec referred Murray, Inc. to C & W. *See Richards v. Goerg Boat & Mtrs., Inc.* (1979), 179 Ind. App. 102, 111–113, 384 N.E.2d 1084, 1091–1092 (although no contract with manufacturer for privity purposes, sufficient factors draw manufacturer into transaction).

Because in the companion case the appeal was dismissed and the cause was returned for trial, other indemnification issues remain such as whether C & W will be

---

**1.** Rotec contends that C & W prayed only for indemnification on the basis of the implied warranties; thus, according to Rotec, C & W is foreclosed from pursuing any common-law theory. Such is not the case, C & W's complaint specifically identified and incorporated Murray's complaint into its own. C & W may proceed on any of the theories raised in Murray's complaint. *Cf. Richards v. Goerg Boat & Mtrs., Inc.* (1979), 179 Ind.App. 102, 108, 384 N.E.2d 1084, 1090 n. 2 (party preserved allegation of error as to warranties when trial court considered previous motions as paragraph of complaint).

found liable in the suit by Murray, Inc. Accordingly, the trial court properly determined that neither party was entitled to summary judgment.

The trial court's denial of summary judgment is affirmed.

Affirmed.

GARRARD and CHEZEM, JJ., concur.